# Stanton *v*. Heard; McDonald *v*. Heard.

*Attachment at Law. Petition for Mandamus.*

1. *Appeal from order vacating levy of attachment.*—An order vacating the levy of an attachment is not a final judgment from which an appeal will lie, nor is there any statute which authorizes an appeal from such an order.

2. *Levy upon property in gremio legis.*—The lien and control ac-

quired by the appointment of a receiver of a debtor's property by the register of the Chancery Court, and by the taking of possession by the receiver, is not abrogated by the debtor's appeal to the chancellor from the register's order and the execution of supersedeas bond; and hence the levy of an attachment on the property by another creditor during the pendency of the appeal, without authority from the Chancery Court, is void.

3. *Levy on personal property.*—A levy on personalty is not sufficient and legal until the officer acquires possession or control of the thing claimed to be levied on.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN P. HUBBARD.

GAMBLE & POWELL, for the appellants.

J. C. RICHARDSON, for the appellee.

STONE, C. J.—These two cases are dependent on the same state of facts, record and otherwise. We will consider them together.

Geo. P. Heard had been engaged in selling merchandise, having a stock of goods on hand. On January 5, 1891, he conveyed his said stock of merchandise to W. L. Tillman. This conveyance was in form an absolute sale.

On January 10, 1891, Murray, Dibrell & Co. and O'Bryan Bros. filed a bill in chancery against Heard and Tillman, in which they set forth that they severally were creditors of said Heard before January 5, 1891, and that their said demands were still unpaid. It was charged in said bill that the said conveyance of January 5 was voluntary, without consideration and fraudulent, and they sought to set it aside as such. They prayed for the appointment of a receiver to take charge and possession of the goods; and on the same day, January 10, without notice to defendants, the register of the court appointed one Pilley to be receiver of the merchandise, who took possession thereof.

On January 13, 1891, Tillman appealed to the chancellor from the register's order appointing a receiver, and gave bond and sureties for the successful prosecution of the appeal. The merchandise was thereupon surrendered back to the possession of Tillman, to await the chancellor's ruling on the appeal to him.

On January 7, 1891, Charles W. Stanton and James M. McDonald each sued out original attachments at law against Geo. P. Heard, on debts sworn to be due from him to them severally. The ground of the attachments was, that the said Geo. P. Heard had fraudulently disposed of his property.

These attachment writs were placed January 8,1891, in the hands of J. F. Brown, sheriff, and on January 14, 1891, he levied them on a part of the merchandise which had been conveyed by Heard to Tillman January 5, 1891. It will be borne in mind that this merchandise had been committed to the custody of Pilley, receiver, by the register's order made January 10, and had been restored to Tillman January 13, on the execution by him of the appeal and supersedeas bond.

On January 17, 1891, the chancellor heard and disposed of the appeal taken by Tillman from the register's order appointing Pilley receiver in said suit of Murray, Dibbrell & Co., and O'Bryan Bros. against Heard and Tillman. He overruled and denied the motion to vacate and set aside the order of the register that a receiver be appointed; but he displaced Pilley, the register's appointee, and appointed Brown, the sheriff, to be receiver. He ordered him, however, not to mix the goods, but to keep those he had levied on under the attachments at law separate from those he had not so levied on. The chancellor was also asked to vacate the levies which had been made under the attachments at law. To this motion the chancellor responded "that while any lien which may have been acquired may not and is not discharged, the same is held in abeyance until the further order of this court, and said sheriff shall manage and control said property under the direction of this court. Speaking of said property and the sheriff's custody of it, the chancellor ordered that he, the sheriff, "Will not permit any of the same to be replevied, but shall hold the whole of the property as the receiver of the court."

At the spring term 1891 of the Circuit Court in which the attachment suits were pending, Heard, the defendant in the suits, entered motions to quash and vacate the levies of the attachments. One ground of the motions was that when the levy was made the property had been placed in the hands of a receiver appointed by the Chancery Court, was in the custody of the law, and under the control of that court, and could not be seized under process from another court, without permission from the court which made the order placing the property in the hands of a receiver.

These motions, after being several times continued, were heard and decided as of the spring term of the Circuit Court 1892. The judgment of the court was, "that said levy made by J. F. Brown as sheriff aforesaid be set aside and vacated."

It should be further stated that before these motions were decided in the Circuit Court, the chancery suits of Murray, Dibbrell & Co. and others, which sought to set aside the

conveyance from Heard to Tillman as fraudulent, were brought to a final hearing on the merits, and the several bills were dismissed; the chancellor decreeing that the sale from Heard to Tillman was supported by a valuable and sufficient consideration.    His decree contains this clause :

"And it is further ordered and decreed that the receiver, J. F. Brown, retain a sufficiency of the money in his hands to satisfy his demand for compensation and expenses as such receiver, and the balance he will restore to defendant upon demand from the person from whom he received the same. But this order shall not be understood to require him to deliver up any property which he may hold under attachment from a law court.    This court discharges the property from its control; but if another court by attachment has any portion of it, it is not my purpose to assume any further control over it."

From the orders of the Circuit Court setting aside and vacating the levies of the attachments at law, the plaintiffs therein, Stanton and McDonald, have taken the present appeals to this court; and Heard, the appellee, moves to dismiss the appeals.

It is manifest that the orders of the Circuit Court, from which the present appeals are prosecuted, are not final judgments in the sense which will support an appeal, nor is there any statute which authorizes an appeal to be taken from such order.    The appeals must be dismissed; and an order of dismissal is accordingly entered.—*Bray v. Laird*, 44 Ala. 295.

Motions are made by each of the appelants, Charles W. Stanton and James M. McDonald, for a mandamus to the Circuit Court of Butler county—the court in which said attachment suits were instituted—commanding that court to vacate its said orders, by which it set aside and quashed the sheriff's said levies.    The motions are based on the facts hereinbefore recited.    Notice has been given of these motions, and appearances and arguments have been submitted, both for and against the motions.

One argument made in support of these motions is, that when the attachments were levied, January 14, 1891, the appointment of the receiver, Pilley, had been superseded by a bond executed by Tillman with sureties, in taking the appeal to the chancellor, under which the goods had been taken from the custody of the receiver, and restored to Tillman. This did not abrogate the lien, nor destroy the control the Chancery Court had acquired over the goods by virtue of the order appointing a receiver.    It only suspended the latter's

[Noble v. Mitchell.]

functions.—Code of 1886, § 3335. This is made manifest by the order the chancellor made on the appeal.

Nor can it be affirmed that the final decree of the chancellor, dismissing the bill in which the receiver had been appointed, necessarily put an end to the Chancery Court's control of the property through its receiver. The right of appeal from that decree to this court still remained. We have no information that such appeal has not been taken; and it may turn out that the goods may be brought into requisition for further proceedings in the Chancery Court. But we will not make this the ground of our ruling.

Under all the authorities, when the attachments at law were levied, the property attached was in the custody of the Chancery Court—was in *gremio legis*—and the levy being attempted to be made without the authorization of that court, was void. In fact, there was nothing done which amounted to a levy; for a levy on personalty is not legal and sufficient, until the officer acquires possession or control of the thing claimed to be levied on. Two claimants in adversary right cannot be in the lawful possession of the same property at the same time.—*Dugger v. Collins*, 69 Ala. 324, 330 and citations; *Dollins v. Lindsey*, 89 Ala. 217; *Ex parte Tillman*, 93 Ala. 101; *Wiswall v. Sampson*, 14 How. 52; *Heard v. Murray* 93 Ala. 127; 20 Amer. & Eng. Encyc. of Law 138 *et seq.*; Freeman on Executions, § 260.

The so-called levy being void, the Circuit Court did not err in vacating and quashing it.

Mandamus denied.