# Capital City Water Co. v. Weatherly.

### *Application for Receiver.*

1. *Holding by court "mero motu" of a party in contempt.*—Where on application for a receiver of the assets of a dissolved corporation, a day is set for the hearing, of which the corporation has notice, and afterwards, and before the day so set, an application for a receiver is made by a third party, in a different court, to which the corporation makes answer, therein joining in the request for a receiver, this,

[Capital City Water Co v. Weatherly.]

without more, would not justify the court in which the first appli-
cation was made, *mero motu* to couclude that respondent was in con-
tempt.

2. *Appointment of receiver without notice or bond.*—Though a res-
pondent had committed an act of contempt *"in facie curiæ,"* such an
act would not have authorized the court to appoint a receiver with-
out notice or bond, as required by the act approved December 14th,
1894.

APPEAL from Montgomery City Court.
Heard before Hon. T. M. ARRINGTON.
The facts of this case are sufficiently shown in the
opinion.

THOS. G. & C. P. JONES, J. M. FALKNER, ROQUEMORE
& WHITE, for appellants.—Even though the appellant
had been guilty of a contempt, it can question the au-
thority of the court to make the appointment of receivers.
1 Dan. Chy. Sec. 505 ; *Wilson v. Bates*, 3 M. & C. 197 ;
*Chatterton v. Thomas*, 36 L. J. Ch. 592 ; *Fry v. Earnest*,
12 W. R. 97 ; *Hazard v. Durant*, 11 R. I. 195 ; *A. & K.
R. R. Co. v. A. R. R. Co.*, 49 Me. 398.

McDONALD & KIRKPATRICK, and MARKS & SAYRE,
*contra.*—The action of the appellant in the Federal Court,
seeking a receiver there, was an attempt to oust the
jurisdiction of the city court, and a contempt of its au-
thority, and being in contempt, the appellant was not
entitled to notice of further proceedings therein.—1 Ho-
gan 77 ; 9 Vesey 172 ; 9 Iowa 212 ; *Mussina v. Bartlett*, 8
Port. 277 ; *Butler v. Butler*, 11 Ala. 671 ; *Atkinson v.
Atkinson*, 17 Ala. 256 ; *Thornton v. Neil*, 49 Ala. 592 ;
*Jacobi v. Goetter*, 74 Ala. 427 ; Barb. Chy. Pr. 88 ; Dan.
Chy. Pr. 450, 504, 806 ; Smiths Chy. Pr. 126.

COLEMAN, J.—By proceedings in the nature of a
*quo warranto*, the court having jurisdiction thereof, rend-
ered a judgment vacating the charter, and annulling the
corporate existence of the Capital City Water Company,
the appellant. Immediately thereafter George Weath-
erly, the appellee, filed the present bill, and applied for
the appointment of a receiver to take charge of all the
assets of the dissolved corporation and for the time being
to continue the business of the corporation. Notice was
given of the application for the appointment of a receiver

and on the 21st of December 1894 the court set the hearing for the 26th day of December 1894. On the 22nd of December upon motion of complainant, the court issued an order restraining the respondent, its agents, attorneys and employes from making change of possession or disposition of the money, property and effects of said corporation, and on the same day, to-wit the 22nd of December without further notice the court made an order appointing receivers as prayed for in the original bill. The order appointing the receiver, recites that the respondent has not been notified "of the change of the hearing and was not present," and the order further states that "said appointment is made without requiring the complainant to give bond." The appeal is prosecuted from the decree of the court appointing a receiver.

By act of the legislature, approved December 14th 1894, page 226, Acts 1884-5, it was enacted as follows :

"Section 1. *Be it enacted by the General Assembly of Alabama*, That when application is made to the chancellor, judge or register for the appointment of a receiver, without notice to the party or parties adversely interested the chancellor, judge or register before making the appointment must require the complainant to enter into bond, in such sum, as in the opinion of the chancellor, judge or register may be sufficient to cover any damages which may result from such appointment if the same is vacated, payable to and with sureties approved by the register of the court in which the suit is pending, with condition to pay all damages which any person may sustain by the appointment of the receiver, if such appointment is vacated.

"Sec. 2. *Be it further enacted*, That when the application for the appointment of a receiver is made upon notice to the party or parties adversely interested of the time and place when the same will be made, or when such adverse party or parties appear, it shall be discretionary with the chancellor, judge or register to whom the application is made to require such bond before making the appointment."

And at the same session of the legistature by a subsequent act, approved Feb. 18th 1895, Acts 1894-5, p. 585, it was enacted as follows :

"Section 1. *Be it enacted by the General. Assembly of Alabama*, That when application is made to. the chancel-

lor, judge, or register for the appointment of a receiver, the chancellor judge, or register before making such appointment, must require the complainant to enter into bond in a sum as such chancellor, judge, or register may prescribe, payable to and with good and sufficient sureties to be approved by the register of the court in which the suit is pending, with condition to pay all damages which any person may sustain by the appointment of the receiver if such appointment is vacated.

Sec. 2. *Be it further enacted*, That any person injured by the appointment of the receiver, in the event such appointment is vacated, may recover by suit on such bond, in his own name, all damages so sustained not exceeding the penalty of the bond.''

It is unnecessary to consider at this time the effect of the later act upon the first as the appointment was made after the first act, but before the enactment of the second. There is no room for controversy, that the appointment was made without "requiring the complainant to give bond," contrary to the express provisions of the statute, and without authority. The appellee attempts to evade the force and effect of the statute, upon the ground, that the respondent was in contempt, and therefore not entitled to notice of the application for a receiver, and being in contempt was not entitled to be heard to question any ruling or order made by the court. The only foundation for the charge of any act of contempt, by the respondent, is to be found in the recitals of the order of the court appointing a receiver and is contained in the following words: "This cause comes before me at this time on the application of complainant for a receiver * * * and it appearing to the court that one W. B. Rice, has since the postponement of this application filed a bill in the United States Court asking for a receiver and that application has been made to a judge of said court for the appointment of said receiver, and this defendant has answered said bill joining in a request for said appointment." The order then proceeds to consider the case made by the bill, and ascertains therefrom that complainant is entitled to a receiver and makes the appointment. There is nothing in this recital to authorize the inference, that proceedings for a contempt had been instituted against the respondent; and that it had been adjudged guilty, nor did the

facts stated without more, authorize the equity court
"*mero motu*," to conclude that respondent was in con-
tempt.

Independent of this view, had it appeared that re-
spondent had committed an act of contempt *in facie
curiæ*, such an act would not have authorized the court
to utterly disregard the positive requirement of the stat-
ute which declares that before making the appointment
of a receiver without notice, the chancellor, judge or
register must require the complainant to enter into
bond," &c.  Where notice of the application for a re-
ceiver is not given, the court is without authority.  The
discretion of the court to appoint receivers, without re-
quiring bond of the complainant, is limited to cases
where notice of the application has been given to the ad-
verse party.

The appellant has submitted an elaborate argument in
support of the contention, that the bill is without
equity, and that in no event can a receiver be appoint-
ed under the facts of the case as averred in the bill.  The
contention arises upon the construction of sections 1690,
1691 and 1692 of the Code which read as follows :

"1690.  All corporations whose powers expire by lim-
itation, all which are dissolved by forfeiture or any other
cause, exist as bodies corporate for the term of five years
after such dissolution, for the purpose of prosecuting or
defending suits, settling their business, disposing of
their property, and dividing their capital stock, but not
for the purpose of continuing their business.

"1691.  Upon the dissolution of any corporation, un-
less other persons are appointed by the general assem-
bly, or by a court of competent authority, the managers
of the business of the corporation at the time of its disso-
lution, by whatever name known, are the trustees of the
stockholders and creditors, authorized to settle the af-
fairs of the corporation, dispose of such property as is
necessary to pay its debts, and divide among the stock-
holders the money and property remaining after pay-
ment of such debts and the necessary expenses.

"1692.  Such persons have authority to sue for and
recover the debts and property of the dissolved corpora-
tion, in its corporate name, and are jointly and severally
responsible to its creditors to the extent of the property
which may come into their hands."

Complainant by the bill avers that the respondent was under contract to furnish the citizens of Montgomery with water, that the only source of supply of water to the inhabitants is by the operation of the water works plant, and that by express provision of the statutes, after the decree of dissolution it was prohibited from continuing the business, and that by statute "the managers of the business of the corporation at the time of the dissolution" have no such authority, and that it is necessary for the public interest that the water works be continued in operation. In addition to the averment that complainant is an inhabitant or resident of the city, it also shows that he is a creditor of the respondent. The equity of the bill was not raised by motion to dismiss the same nor by demurrer. In fact the respondent had no opportunity to plead to the bill. We do not think it necessary at this time to anticipate the questions which may arise in the further prosecution of the cause. The only question before us, is as to the appointment of the receiver. We hold that by virtue of the statute the court erred in the appointment, without requiring bond, and a decree will be here rendered setting aside and annulling the appointment, and remanding the cause.

Reversed, rendered and remanded.