# David v. Levy & Sons.

## *Receiver.*

1. *Appointment of receiver; bond by complainant; repeal by implication.*—The act of February 18, 1895, "To authorize the chancellor, judge, or register to require the complainant to give bond before a receiver is appointed," (Code of 1896, §801) repeals by implication the act of December 14, 1894, (Acts of 1894-95, p. 224), in so far as the latter act made the requiring of such bond discretionary. The statute is mandatory, and an appointment of a receiver without requiring the bond will be reversed and vacated.

APPEAL from Sumter Chancery Court.
Tried before Hon. W. H. TAYLOE.

Appellees filed a creditor's bill against appellants. From a decree appointing a receiver, the defendants appeal.

[David v. Levy & Sons.]

SMITH & McEACHIN, GRAHAM & STEINER, for appellants.—The act of February 18, 1895, is subsequent to. and revises that of December 14, 1894, and was "evidently intended as a substitute for it, and although it does not contain express words of repeal, will on principles of law, as well as in reason and common sense, so operate." The statute of later date is mandatory.— *Bartlett v. King,* 12 Mass. 345; Sedgwick on Stat. & Com. Law, 97-104; *Capital City Water Co. v. Weatherly,* 106 Ala. 412; *Dreyspring v. Loeb,* 113 Ala. 263.

ALTMAN & BROCKWAY, S. C. M. AMASON, *contra.*— (No brief came to the hands of the reporter.)

HEAD, J.—It is plain that the act approved February 18, 1895, entitled "An act to authorize the chancellor, judge or register to require the complainant to give bond before a receiver is appointed," repeals, by implication, the act under the same title, passed at the same session, and approved December 14, 1894, in so far as the latter invested the appointing officer with a discretion in the matter of requiring bond of the complainant. As to that matter, the later enactment is in irreconcilable conflict with the earlier. The later act is mandatory that bond shall be required of the complainant whenever application shall be made for receiver. It applies to all cases without exception or qualification.

It can not be said, without stultifying the legislature, that the two acts are *in pari materia* and that the qualifying provision of the first must be engrafted, by construction, upon the second, for the reason that to do so would render them identical in terms, leaving no sensible motive or reason whatever for the passage of the later act. We must presume that that act was intended to have some meaning—to accomplish something, and as it can not possibly have any effect whatever except to do away with the qualifying provisions of the earlier enactment, we must hold that such was the legislative intent.

The appointment of the receiver without requiring bond of the complainant was unauthorized, and the order of appointment must be reversed and vacated. Order here made accordingly.—*Capital City Water Co. v.*

*Weatherly,* 108 Ala. 412; *Dreyspring v. Loeb,* 113 Ala. 263.   The cause will be remanded to the chancery court.