# Jasper Land Company *et al. v.* Wallis & Carley, *et al.*

*Bill for Appointment of Receiver and for Relief.*

1. *Receiver; appointment for corporation.*—Where minority stockholders of an incorporated company filed a bill alleging facts entitling them to relief, and it appeared that there were two boards of directors, or two sets of men each claiming to be and constitute its board of directors; and that each of these alleged boards were attacking the integrity and existence of the other in divers proceedings at law and in chancery; and that the individuals who dominated each of these boards were personally, directly or representatively interested in the property and affairs of the corporation inimically to the complainants and, therefore, not proper persons to invoke the remedies on behalf of the corporation, which the complainants as shareholders were entitled to have employed, or will not in good faith invoke them in righting the wrongs complained of; and that neither set is so in possession and control of the property and affairs of the company as to be able to take the necessary steps to the effectuation of the relief the stockholders are entitled to, the appointment of a receiver, even though the corporation be solvent, is within the proper exercise of the jurisdiction of a chancery court.

2. *When minority stockholders may file bill without applying to corporation.*—Where a bill by minority stockholders of a corporation shows the inutility of an application to the corporate authorities for redress of grievances complained of, the complainants can maintain it without having made such application.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. J. C. CARMICHAEL.

The bill in this case was filed by the appellees as holders and owners of forty-five shares of the capital stock of the Jasper Land Company, a corporation with a capital stock of $500,000 divided into 5,000 shares of the par value of $100 each. The purpose of the bill is for the appointment of a receiver of said Jasper Land Company.

The bill is a very long one, containing many and various averments, touching many transactions had with and in reference to the Jasper Land Company since its organization on December 20, 1887. It is averred that the directors of the Jasper Land Company turned over to the Corona Coal & Coke Company $138,500, without taking their note or bond evidencing such indebtedness; that L. B. Musgrove and J. C. Musgrove were stockholders and directors of the Jasper Land Company, and were also stockholders and directors in the Corona Coal & Coke Company; that the Jasper Town & Lands Limited, a corporation organized under the laws of Great Britain was the owner of three-fourths of the stock in the Jasper Land Co. The bill avers many acts of mismanagement and misappropriation of the funds of said company on the part of the directors and managing agents of the Jasper Land Company; that there were then pending in different courts in the State and in the United States Courts several suits affecting the Jasper Land Company and the Jasper Town & Lands Limited. That the Corona Coal and Coke Company had been dissolved by proceedings in court; that as the outcome of the antagonistic relations and of the litigations and suits pending, there was in existence two boards of directors, each claiming to be the legally elected and authorized board of directors of the Jasper Land Company; that prior to the commencement of the litigation in its various phases, the complainants had requested the then directors for the recovery from the Corona Coal & Coke Company the $138,500, which had been turned over to the latter company by the directors of the Jasper Land Company; but that no effective steps, looking to the recovery of such sum had been taken by said directors. The bill then avers in detail the many occurrences growing out of the

litigation and the disputes between the stockholders among themselves and each of the boards of directors of the Jasper Land Company, all of which is unnecessary to set out in detail in this statement of facts. The bill then concluded with the following averments: "That by reason of the several suits aforesaid and the litigation resulting therefrom, and the bitter and hostile feelings engendered thereby, the rights and properties of the Jasper Land Company, as your orators are advised and believe and therefore state, are greatly endangered and need the protection of this honorable court.

"That the creditors of the said Corona Coal & Coke Company, and especially your orators as stockholders in the said Jasper Land Co. are in great doubt touching the remedies to complete the suit for the collection of their just claims by reason of the attacks which have been made as aforesaid, upon the proceedings had as aforesaid, for the dissolution of the said Corona Coal & Coke Co. That, as a judgment of ouster has been rendered against the said 'New Board' of directors of the said Jasper Land Company by a court of competent jurisdiction, towit, The circuit court of Walker County, Alabama, as hereinbefore stated, the said 'New Board' are without authority to represent the said Jasper Land Company, or to protect its interests as creditor of the said Corona Coal & Coke Company; and that said 'Old Board' of said directors have taken no steps whatever to recover said demands against said Coal & Coke Company. That as your orators are advised and believe and therefore state, by reason of the facts aforesaid, it is necessary for the protection of the rights and property of the said Jasper Land Company that a receiver of the property and assets of said last named company should be speedily appointed. That your orators never consented in any manner to the delivery of said large sum of money to the said Corona Coal & Coke Company, but have protested against the same. That your orators have no other or further interest in any of said several corporations, or in any of said litigations, except such as attach to them as stockholders in said Jasper Land Company; that they do not hold, nor are they interested in, any stock in any

of the other of said corporations; and that they are now invoking the interposition and aid of this honorable court solely for the purpose of protecting and saving to themselves and other stockholders in the said Jasper Land Company in a like position as themselves their interest in said company and its property."

The prayer of the bill was for the appointment of a receiver of the property and assets of the Jasper Land Company, with power and authority to take possession of the property and assets of the corporation, to conserve the same and to collect the debts and demands owing the said company, etc.

The defendants, the Jasper Land Company and L. B. Musgrove each separately moved the court to dismiss the bill for the want of equity. The answer of the Jasper Land Company and L. B. Musgrove, respectively, denied each of the averments of the bill, in which was charged the mismanagement of the affairs of the Jasper Land Company, and irregularities and misappropriation of its funds, and those facts averred in the bill tending to show a necessity for the appointment of a receiver. There were affidavits filed to substantiate the averments of the answers. The defendants, the Jasper Land Company and L. B. Musgrove separately demurred to the bill upon various grounds, setting up its want of equity.

On the submission of the cause on the petition of the complainants for the appointment of a receiver and motion to dismiss the bill for the want of equity, and upon the demurrers and upon the answers of the defendants, and upon the testimony, the court rendered a decree granting the petition of the complainants, and ordered that a receiver be appointed; and overruled the motion to dismiss the bill and the demurrers. From this decree the Jasper Land Company and L. B. Musgrove prosecute the present appeal, and assign the rendition thereof as error.

APPLING & McGUIRE and A. T. LONDON, for appellants: Chancery court will not appoint receiver for solvent corporation except in certain cases where it will be done as

as incident to an injunction.—20 Amer. & Eng. Encyc. of Law, 270; Code, § 799; 2 Cook on Corporations, §§ 684, 750; *Tuscaloosa &c. Co. v. Cox*, 68 Ala. 71.

Courts of equity have no power to appoint receiver except when it is conferred by statute.—High on Receivers, § 288; Cook on Stocks, 746.

Complainants must show application to board of directors and to stockholders, before they can maintain bill in their own behalf.—*Roman v. Wolfolk*, 98 Ala. 219; *Decatur M. & L. Co. v. Palm*, 113 Ala. 531.

TILLMAN & CAMPBELL, *contra.*—Courts of equity have authority to appoint a receiver. The solvency of the corporation was immaterial.—*Edison v. Edison Phone Co*, 52 N. J. Eq. 620; *Sternberg v. Wolf*, 39 L. R. A. 762; *Featherstone v. Cooke*, L. R., 16 Eq. 298; *Trade Aux. Co. v. Vickers*, L. R., 16 Eq. 303; *Stephens v. Davidson*, 18 Gratt, 819; *Ernstein v. Rosenfeld*, 38 N. J. Eq. 309.

McCLELLAN, C. J.—The Jasper Land Company has two boards of directors, or rather there are two sets of men each claiming to be and constitute its board of directors. Each of these alleged boards is attacking the integrity and existence of the other in divers proceedings at law and in chancery. Moreover, the individuals who dominate each of these boards are personally, directly or representatively, interested in the property and affairs of the corporation inimically to the complainants who are minority stockholders, so that it would seem that neither set of alleged directors are proper persons to invoke the remedies on behalf of the corporation which complainants as shareholders are entitled to have employed, or will in good faith invoke them to the righting of the wrongs complained of, even if either set were in undisputed possession of the corporation's assets and control of its affairs; but whether so or not, it is plain to us that neither set is so in possession and control of the property and affairs of the company as to be able to take the necessary steps to the effectuation of the relief the stockholders are entitled to. In such case the appointment of a receiver, even though the

[State of Alabama *ex. rel.* Crow v. Crook, Judge, &c.]

corporation be solvent, to take charge and control of its effects and concerns, at least until there is a recognized board of directors competent to faithfully and efficiently conserve the interests of all the stockholders, is within the proper exercise of the jurisdiction of the chancery court.—*Edison Gouraud v. The Edison United Phonograph Co.,* 52 N. J. Eq. 620; *Sternberg et al. v. Wolff et al.,* 29 L. R. A. (N. J.) 762; *Sheppard v. Oxenford,* 1 Kay & J. 491; *Featherstone v. Cooke,* L. R. 16 Eq. 298; *Trade Auxiliary Co. v. Vickers, Ib.* 303; *Stevens et al. v. Davison,* 18 Gratt. (Va.) 819; *Tompkins Co. v. Catawba Mills et al.,* 82 Fed. Rep. 780.

The inutility of an application to the corporate authorities—whoever they may be—for redress of the grievances complained of is sufficiently shown by the bill to justify the complainants in filing it without making such application.

The bill has equity for the purpose indicated. The answers and affidavits do not overturn the case made by it. The chancellor properly overruled the motion to dismiss for the want of equity and the demurrer, and appointed a receiver as prayed.

Affirmed.