1. CORPORATION—ACTION BY CREDITORS—DISSOLUTION—PRIORITIES.

A proceeding, under Code Civ. Proc. § 1784, by directors of a corpora·
tion, to procure its voluntary dissolution, does not take precedence over
an action by a judgment creditor, under section 1793, for the sequestra·
tion of the property of the corporation.

2. SAME—RECEIVERS—TITLE TO PROPERTY.

Where, in an action by a judgment creditor, under Code Civ. Proc.
§ 1793, to sequester property of a corporation, a permanent receiver is
appointed, a temporary receiver subsequently appointed in proceedings
by directors for voluntary dissolution, under Id. § 1784, without notice
to the creditor, and without knowledge on the part of the court of the
appointment of the permanent receiver, takes no title to the property
of the corporation.

3. SAME.

Where a permanent receiver is appointed in suit by creditor of a
corporation to sequester its assets, in proceedings by directors for disso·
lution he will be appointed temporary receiver.

4. SAME—TIME OF APPOINTMENT—BOND.

The order appointing a receiver makes his appointment complete on
entry, and on filing his bond it relates back to the date of his appoint·
ment.

In the matter of the voluntary dissolution of the Hoagland, Robin-
son Company.    Application to vacate an order appointing a tempo-
rary receiver.    Modified.

Howard A. Sperry, for the motion.
Safford & Rogers, opposed.

HERRICK, J.    This is an application to vacate an order appoint-
ing one Henry Marshall temporary receiver in a proceeding for
the voluntary dissolution of the above-named corporation.    It ap-
pears from the papers herein that on the 18th day of June, 1901, one
William H. Barnes recovered judgments against the above-named
corporation,—one for the sum of $1,060.78, and one for $1,701.98;
that thereafter he commenced proceedings upon said judgments to
sequestrate the property of such corporation, and that such proceed-
ings were had; that on the 8th day of August, 1901, a final judgment
of sequestration of the stock, property real and personal, and all the
effects of such corporation, and appointing a receiver thereof, was
rendered at a special term of this court held in and for the county of
New York; that the judgment so rendered was entered in the office
of the clerk of the county of New York on the 12th day of August,
1901, and the receiver thereby appointed filed his bond, duly ap-
proved as to its form and sufficiency, on the 14th day of August,
1901.    These proceedings were taken pursuant to section 1784 of
the Code of Civil Procedure.    The board of directors of the Hoag-
land, Robinson Company consisted of three.    Two of such directors,
each being the owner of a single share of stock,—the full amount of
stock of such corporation being 200 shares,—filed a petition in the
supreme court, sworn to on the 2d day of August, 1901, praying for
the voluntary dissolution of such corporation.    The service of the

petition was made on the 5th day of August, and a motion for an or-
der to show cause and the appointment of a temporary receiver was
heard and granted on the 13th day of August, 1901, at a special term
of this court held in the county of Kings, and Henry Marshall was
therein appointed temporary receiver of such corporation. The
moving papers for the order to show cause and for the appointment
of a temporary receiver did not show the recovery of judgments by
William H. Barnes, or that any proceedings had been taken or were
pending for the sequestration of the property of such corporation, or
that any receiver thereof had been appointed; and there is nothing
to show that the said William H. Barnes or his attorneys had any
notice of such proceedings, and the order does not recite their ap-
pearance upon the hearing. The order to show cause why there
should not be a dissolution of such corporation is made returnable
on the 11th day of November, 1901, in the county of Rockland.
The order appointing such temporary receiver, signed August 14,
1901, was entered in the clerk's office of the county of Rockland on
the 15th day of August, 1901, and such receiver filed his bond, duly
approved, on the 23d day of August, 1901. The regularity of the
sequestration proceeding in the action of William H. Barnes, and the
jurisdiction of the court to appoint a receiver therein, are not ques-
tioned, but it is claimed that the proceedings for a voluntary disso-
lution take priority and precedence over an action by a judgment
creditor for the sequestration of the property of the corporation.
Each proceeding is provided for in the Code of Civil Procedure.
Each proceeding results in the appointment of a receiver, who is to
distribute the assets of the corporation among its fair and honest
creditors. It is expressly provided also that the distribution made
by the receiver in the sequestration proceedings shall be "in the
order and in the proportions prescribed by law in case of the volun-
tary dissolution of a corporation." Code Civ. Proc. § 1793. One
proceeding is of no higher character than the other. One is a pro-
ceeding brought by a creditor of the corporation, and the other by
a debtor corporation, and the only practical distinction between
them is that one in terms provides for a final judgment dissolving
the corporation and extinguishing its franchise, while the other does
not. The sections of the Code providing for each proceeding are
taken from the former Revised Statutes, and for the purpose of
determining their effect in relation to each other they are deemed
to have been enacted simultaneously. Code Civ. Proc. § 3355.
This case is not governed by the decision in Re Murray Hill Bank,
153 N. Y. 199, 47 N. E. 298. In that case it was held that the pro-
ceedings commenced by the attorney general upon the application
of the superintendent of banks took precedence over the proceedings
commenced by the directors of the bank for a voluntary dissolution
of such bank. The proceedings commenced by the attorney general
were based upon a special act applying to banking and kindred cor-
porations, passed in 1892, while the proceedings commenced by the
directors of the bank were based upon a general act passed in 1880,
and it was held that, so far as such statute was inconsistent with the
earlier statute, the provisions of the later statute were paramount. In

addition to that, it appeared that by virtue of the later statute the superintendent of banks had taken possession of the property of such banking corporation prior to the commencement of the proceedings for a voluntary dissolution, and that the court had no power to oust the superintendent of such possession through a receiver appointed in a proceeding independent of that instituted by the attorney general.

It will be seen from the foregoing statement of facts that the judgment and order appointing a receiver in the sequestration action were both made and entered before the motion for the order to show cause and for the appointment of a temporary receiver came on to be heard by the special term in Kings county. The jurisdiction of the court to appoint a receiver in the action for sequestration and the regularity of the proceedings in such action, both being unquestioned, the appointment of the receiver therein was valid. The receiver, when appointed, became at once vested with all the property and effects of the corporation. Osgood v. Maguire, 61 N. Y. 524, 528. The appointment of the receiver was completed by the filing and entry of the order appointing him, although he could not take actual possession of the property until he executed and filed his bond. When he did that, his title related back to the time of his appointment. In re Christian Jensen Co., 128 N. Y. 550, 28 N. E. 665; In re Schuyler's Steam Towboat Co., 136 N. Y. 169, 32 N. E. 623, 20 L. R. A. 391. The appointment of the receiver in the sequestration proceedings having been completed, the property which such appointment vests in him cannot be taken away from him by a subsequent order of the court in another proceeding appointing another receiver. "The doctrine is firmly established that when the jurisdiction of a court and the right of a plaintiff to prosecute suit in it have once attached, that right cannot be arrested or taken away by proceedings in another court, and that, where property is actually in possession of one court of competent jurisdiction, such possession cannot be disturbed by process out of another court of concurrent jurisdiction." Ex parte Chetwood, 165 U. S. 443, 460, 17 Sup. Ct. 385, 41 L. Ed. 782. The receiver first regularly appointed is therefore entitled to all the assets of the corporation.

But while the directors cannot, by subsequently taking proceedings for a voluntary dissolution of their corporation, oust the receiver appointed in the sequestration action, still I do not think such action can prevent their procuring a dissolution of the corporation in the manner provided for by the statute. Upon complying with its terms, they have a right to have it dissolved, and their responsibility therefor in every respect ended. The proceedings for a voluntary dissolution provide for the appointment of a temporary and a permanent receiver. Such provisions of the Code can be complied with by appointing the same person receiver who has already been regularly appointed. He being entitled to all the assets of the corporation, and bound to distribute them in the same manner that the law requires a receiver in proceedings for a voluntary dissolution to distribute the assets coming into his hands, it would be useless to appoint another receiver who can receive nothing, and whose

appointment will almost inevitably result in an unseemly controversy. The court will not knowingly do a vain or useless thing.

It would appear from these proceedings that the special term in Kings County was not, when it appointed Henry Marshall temporary receiver in the voluntary dissolution proceedings, advised of the fact that the special term of New York county had already appointed a permanent receiver of the same corporation. If it had been so advised, I assume that it would have appointed the same person temporary receiver in the proceedings then before it. I am of the opinion, therefore, that the order of the Kings county special term, dated August 14, 1901, should be modified and amended by striking therefrom the name of Henry Marshall as temporary receiver. Let an order be entered accordingly.

The attorney for the petitioners in the proceedings for a voluntary dissolution may, if he so elect, enter an order appointing Ira G. Dorrin, the person appointed as receiver in the sequestration action, temporary receiver in the place and stead of Henry Marshall.

Ordered accordingly.