at a previous term, and where the bill of exceptions shows that the judge entered such an order, but on his own recollections as to what took place at the previous term, and without any minute or memorial made by him authorizing the entry of such an order after the expiration of the term.

3. APPEAL AND ERROR, § 1793*—*when judgment in action against joint defendants reversed.* In an action against joint defendants, it is incumbent on plaintiff to establish the joint liability of all defendants, and where the record shows that as to one defendant plaintiff failed to make such proof, a judgment for plaintiff will be reversed.

---

**Sadie Labowitch, Personally and as Heir at Law, Appellee, v. David Labowitch et al., on appeal of David and Ida Labowitch, Appellants.**

**Gen. No. 22,654.    (Not to be reported in full.)**

Interlocutory appeal from the Circuit Court of Cook county; the Hon. JESSE BALDWIN, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed November 14, 1917.

### Statement of the Case.

Bill in chancery by Sadie Labowitch, personally and as heir at law of her deceased husband, Louis Labowitch, and as executrix under his last will and testament, complainant, against David Labowitch, Ida Labowitch, Leopold Labowitch, Benjamin Labowitch, Bettie Greenfeld, Lottie Badner, Ignatz Badner, Kate Grossman, Joseph Grossman, Esther Hambourger, Jacob I. Hambourger, and unknown heirs at law of Louis Labowitch, deceased, and unknown owners for an accounting. From an interlocutory decree appointing a receiver of a business belonging to complainant's testator, and restraining defendant David Labowitch

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and others from interfering with such receiver in the discharge of his duties, defendants David Labowitch and Ida Labowitch appeal.

The bill, which was filed by complainant both as executrix and in her own right as widow and heir at law alleged *inter alia*: That deceased had for many years prior to his death owned and conducted the business of selling clothing and merchandise on instalments, under the name of the "Union Credit Clothing House," in Chicago; that during 1911 Louis Labowitch became seriously ill, and in May, 1912, was compelled to enter a health resort, and from that time until his death—in October, 1915—was a patient in sanitariums, and was unable to attend to his business during his illness, and that his business was conducted and his property managed by his brother, defendant David Labowitch, and that complainant knew nothing of what testator's estate consisted, except as informed by defendant David Labowitch; that defendant David Labowitch had been for several years thoroughly familiar with the said business and properties, and from prior to May, 1912, to the filing of the bill, had been the sole manager thereof; that during the illness of testator, defendant David Labowitch conducted the business as a trusted agent, and since the death of testator continued to conduct it, and had wrongfully excluded complainant from participation therein, and had wrongfully failed and refused to yield possession and control to complainant, wrongfully claiming that all, or practically all, property of testator was owned by a copartnership, composed of testator and David Labowitch; that the management of the business and properties involved extensive and complicated accounts, that complainant had no knowledge and was unable to obtain full information thereof that defendant David Labowitch had such information, and that full, true and complete disclosure of such information

was necessary to the maintenance of the bill, and the ascertainment of the rights of the parties.

Then followed a recital of the alleged property of testator at the time of his death, and a prayer for an accounting and the appointment of a receiver.

RUDOLPH D. HUSZAGH, for appellants.

TOLMAN, REDFIELD & SEXTON, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. RECEIVERS, § 3*—*when appointment of proper.* On a bill by the wife and executrix of the owner of an extensive business for an accounting by the person in charge of the business during the illness of deceased, evidence *held* to sustain an interlocutory order appointing a receiver and restraining the principal defendant and others from interfering with such receiver in the discharge of his duties.

2. RECEIVERS, § 11*—*what order appointing should state.* On the appointment of a receiver, complainant must be required to give bond, as provided by the Act of 1903, sec. 1 (J. & A. ¶ 2743), unless for good and sufficient cause shown the furnishing of the bond is dispensed with, in which case the order appointing the receiver should so state.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.