(98 South. 283)

**ENGLE v. BRONAUGH.**  (8 Div. 506.)

(Supreme Court of Alabama.  Nov. 1, 1923. Rehearing Denied Dec. 20 1923.)

**I. Receivers ☞57—Acquiescence in appointment prevented questioning in collateral attack.**

Where the failure to require execution of receiver's bond, provided by Code 1907, § 5728, was matter to be remedied by application, or, failing therein, by appeal, silence of parties thereto was acquiescence in such appointment, and prevented questioning its validity on collateral attack.

**2. Receivers ☞59—Failure to file bond not available on collateral attack of appointment.**

Where no action was taken in the court below on account of the failure of a receiver to file bond provided by Code 1907, § 5728, such omission is not available on collateral attack.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by J. M. Engle against J. B. Bronaugh. Following adverse rulings on the pleadings, plaintiff takes a nonsuit and appeals. Affirmed.

See, also, 208 Ala. 162, 93 South. 868; 208 Ala. 696, 93 South. 922.

<hr>

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant sued appellee to recover damages for wrongfully procuring the appointment of a receiver in a certain cause in equity, wherein appellee was complainant and appellant was the respondent.

The complaint shows that, in the cause in equity, the receiver was appointed by the chancellor, and no order requiring the complainant in that cause to execute a bond, and that no bond was given by complainant, and, further, bond was required of the receiver, and that a bond was executed by the complainant, the receiver, and another, but it recited that Bronaugh had been appointed receiver, and was conditioned upon the faithful performance by Bronaugh of the duties of such receiver. The complaint therefore shows that the receiver took charge of the property without executing a sufficient bond or any bond, and it is alleged that the appointment of the receiver is void.

The complaint further shows that the cause in equity proceeded to a hearing upon proof and to a rendition of a final decree on pleadings and proof, wherein the court decreed that the complainant was not entitled to relief, and dismissed the bill.

The complaint was demurred to upon numerous grounds, among them that the complaint shows the cause was prosecuted to final decree, and it did not appear that respondent in the equity suit made any objection to the appointment of the receiver, or any motion to vacate the order or to have the receiver removed or discharged; and that it appears that the respondent had acquiesced in the appointment of the receiver, and that there was no order vacating the appointment or removing or discharging the receiver.

The demurrer was sustained, and the ruling of the court as to the sufficiency of the complaint is the only matter submitted for consideration upon this appeal.

E. W. Godbey, of Decatur, for appellant.

The procuring of the appointment of a receiver without any bond was wrongful and a tort, and defendant is liable for all the damages thereby occasioned. Bowman v. Hazen, 69 Kan. 682, 77 Pac. 589; Thornton-Thomas Mercantile Co. v. Bretherton, 32 Mont. 80, 80 Pac. 10; Haverly v. Elliott, 39 Neb. 201, 57 N. W. 1010; Joslin v. Williams, 76 Neb. 594, 107 N. W. 837, 112 N. W. 343. The giving of a bond is jurisdictional, and one who is instrumental in procuring a colorable appointment of a receiver without bond, is a trespasser. Code 1907, § 5728; Dreyspring v. Loeb, 113 Ala. 263, 21 South. 73; David v. Levy, 119 Ala. 241, 24 South. 589; Davila v. Heath, 13 Cal. App. 370, 109 Pac. 893; Lockhart v. Gee, 3 Tenn. Ch. 332; Strum v. Blair, 182 Ill. App. 413; John Spry Lumber Co. v. Hardin, 172 Ill. App. 86; Ryan v. Murphy, 39 Cal. App. 640, 179 Pac. 517; Albrecht v. Lyceum, 210 Ill. App. 362.

R. E. Smith, of Huntsville, for appellee.

The appointment of a receiver cannot be attacked collaterally. Florence Gas Co. v. Hanby, 101 Ala. 15, 13 South. 343; Comer v. Bray, 83 Ala. 217, 3 South. 554. The remedy of the party aggrieved by the appointment of a receiver is to object, and if his objection is overruled to appeal therefrom, and failing to do so he is held to have acquiesced therein. Code 1907, § 2840; Campbell v. H. B. Claflin Co., 135 Ala. 527, 33 South. 275; Pagett v. Brooks, 140 Ala. 257, 37 South. 263.

GARDNER, J. Appellant seeks to recover of appellee damages for wrongfully procuring the appointment of a receiver in a certain equity cause, wherein the appellant was respondent and the appellee complainant.

It is insisted that the appointment was void, for the reason it was made without the requirement of the execution of a bond by complainant, as provided by section 5728, Code 1907, and also that the receiver proceeded to exercise his authority under the appointment without the execution of a sufficient bond. The appointment of the receiver without the required bond of complainant was unauthorized and was subject to be vacated in the court below upon motion, or, failing therein, by appeal to this court. David v. Levy & Sons, 119 Ala. 241, 24 South. 589; Dreyspring v. Loeb, 113 Ala. 263, 21 South. 73; Capital City Water Co. v. Weatherly, 108 Ala. 412, 18 South. 841.

Counsel for appellant insists the order appointing the receiver was void so as to constitute him a trespasser, for which the defendant in this action (complainant in the equity suit) was responsible upon the following, among other authorities: High on Receivers (4th Ed.) § 39c; Strum v. Blair, 182 Ill. App. 413; Thornton Merc. Co. v. Bretherton, 32 Mont. 80, 80 Pac. 10; Bowman v. Hazen, 69 Kan. 682, 77 Pac. 589; Tex., etc., Co. v. Gay, 86 Tex. 571, 26 S. W. 599, 25 L. R. A. 52; Ryan v. Murphy, 39 Cal. App. 640, 179 Pac. 517.

The trial court evidently based the ruling upon the case of Pagett v. Brooks et al., 140 Ala. 257, 37 South. 263, which was a suit upon a bond given by the complainant in an equity suit for the appointment of a receiver. There, as here, the cause was presented for final decree upon pleadings and proof, resulting in a decree adverse to the complainant, and dismissing the bill; but no order was made vacating the appointment of the receiver or removing or discharging the receiver or motion to that effect. The court in that case discussed the distinction in orders vacating the appointment of a receiver and one removing or discharging him, and then refers to the failure on the part of the respondent in the equity cause to raise the question in the court below as to the improvident appointment of the receiver, saying:

"The failure of plaintiffs to object to the order and in the event the objection was overruled to prosecute their appeal as provided by the statute must be held to be an acquiescence by them in it so as to prevent their questioning its propriety upon final hearing of the cause."

This holding of the court finds support in High on Receivers, § 37.

[1] The complaint shows that the court had jurisdiction of the subject-matter and of the parties, and the failure of the court to require the execution of a bond by the complainant was a matter to be readily remedied in the court below upon application, or, failing therein, by appeal to this court. Under the authority of Pagett v. Brooks et al., supra, the silence of respondent in the equity suit must be held to show his acquiescence in the appointment of the receiver, so as to prevent his questioning in this collateral attack the validity of the appointment. See, also, sections 39a and 39b, High on Receivers, supra; Campbell v. Claflin Co., 135 Ala. 527, 33 South. 275.

[2] As to the failure of the receiver to execute proper bond, we are cited by counsel for appellant to section 121 of High on Receivers, to the effect that the title does not vest in the receiver until his bond is executed, but the succeeding section discloses that, upon the receiver filing a proper bond in accordance with the order of the court, his title to and right to possession of the property relates back to the date of his appointment, and illustrates the reason of the rule requiring some action in the court below by the respondent for such omission to be available to him.

We are of the opinion the court below properly sustained the demurrer to the complaint, and the decree will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.