(132 So. 717)

**STROTHER et al. v. McCORD, Circuit Judge.**

3 Div. 938.

Supreme Court of Alabama.

Jan. 22, 1931.

Rehearing Denied March 12, 1931.

Altman & Koenig, of Birmingham, and Inzer, Inzer & Davis, of Gadsden, for petitioners.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for respondent.

FOSTER, J.

This is an original petition addressed to this court, praying for a writ of prohibition to the circuit court of Montgomery county restraining it from entertaining a suit for the appointment of a receiver of the Grand Lodge, Knights of Pythias of Alabama, an Alabama corporation. The basis of petitioners' claim is that the Montgomery circuit court has no jurisdiction or power to entertain the suit, and that the appointment of a receiver by it is a usurpation of authority, because at the time of the institution of such suit the circuit court of Jefferson county, Ala., with full power and jurisdiction, had entertained such a suit and had appointed a receiver on the complaint of other interested parties occupying the same relation to the Grand Lodge as the complainants in the suit in Montgomery county, and that an appeal was then pending from such appointment and the order of appointment was suspended during the pendency of the appeal. The Jefferson county case has been to this court before, as reported in Grand Lodge, K. P., v. Shorter, 219 Ala. 293, 122 So. 36. See, also, ante, p. 404, 132 So. 617. Reference is made to the report of that case for a statement of its nature and purpose. To justify the suit in Montgomery county, it is alleged that dur-

452

ing the pendency of that suit the complainants in the Jefferson county case inspired others to cause an injunction to issue against the performance of their functions by the officers of the Grand Lodge, who had been parties defendant in the Jefferson county case, because of impeachment proceedings pending and undetermined, and it is further alleged in the Montgomery county case that the impeachment proceedings were against all the officers who had the power to hear those against the others, and therefore thereby the order could not function, and by force of necessity a receiver must be appointed to carry on the affairs until such deadlock could be relieved. Such allegations are claimed to be sufficient to justify the appointment of a receiver though the corporation be solvent. Grand Lodge v. Shorter, 219 Ala. 293 (9), 122 So. 36; Jasper Land Co. v. Wallis, 123 Ala. 652, 26 So. 659; 1 Tardy's Smith on Receivers, § 303; Howze v. Harrison, 165 Ala. 150, 51 So. 614.

■ The gist of this inquiry therefore hinges upon the question of whether the Montgomery court was deprived of this power by reason of the status of the proceedings in the Jefferson court; otherwise expressed, whether by reason of the Jefferson county case, the court of Montgomery county attempted the exercise of a power which it did not possess, and that such attempt was in effect a usurpation of jurisdiction. If such be found to be the fact, prohibition may issue without the necessity of a review by appeal, assuming that an appeal will lie. Ex parte Wilkinson, 220 Ala. 529, 126 So. 102; Sullivan v. Reynolds, 209 Mo. 161, 107 S. W. 487, 15 L. R. A. (N. S.) 963, 123 Am. St. Rep. 468, 14 Ann. Cas. 198. Such writ does not however, serve to review the sufficiency of the showing made to justify the receivership. That may only be done by appeal. But to justify this writ it must appear that the court did not have the power to make the appointment. Ex parte Wilkinson, supra.

We observe that in the Jefferson county case the court entered an order appointing a fiscal agent, so named, in effect a receiver, but provided in the order that his authority as such should not become vested until complainants had executed a bond, and the receiver had also executed bond, all as provided by law. Before such bonds were executed, and after the order was made, defendants superseded its effect on appeal which they sued out to this court.

■ It is contended that, because of the provisions of section 10115, Code, such an order is not one appointing a receiver, because that section makes it mandatory that the complainants' bond shall be executed before making the appointment. This requirement is of course mandatory. Dreyspring

v. Loeb, 113 Ala. 263, 21 So. 73; David v. Levy, 119 Ala. 241, 24 So. 589. But does it mean that the court may not appoint a receiver, and in the same order provide that he shall not function as such until complainant executes the required bond? We think that such nature of order is appropriate under the statute, and, when made, it is the appointment of a receiver. 34 Cyc. 137, 139, 140; High on Receivers, §§ 121, 121a.

■ No harsh consequences should result from such a conclusion, for, if complainants and the receiver fail to comply with the order of the court in a reasonable time and injury is likely to follow such delay, any interested person may make a showing to the court and cause such modification or further condition made as the equities of the situation may require. But such condition in the order as long as there is no default, or failure to make the bonds within such time as may be required, has the effect merely to suspend the exercise by the receiver of his functions as such. But by such order the court has effectively appointed a receiver, and such order continues until there is a vacation of it either expressly or by the failure to comply with its conditions within such time as may be specified by the court. High on Receivers, supra.

■ The fact that an appeal is prosecuted and thereby the appointment is suspended pending the appeal does not vacate the appointment. Its effect is merely to suspend, pending such appeal, the authority of the receiver to function as such, and of course suspends the authority and duty of complainant and the receiver to execute the bonds as provided in the order of appointment. Texas v. Palmer (C. C. A.) 158 F. 705, 22 L. R. A. (N. S.) 316; Palmer v. Texas, 212 U. S. 118, 29 S. Ct. 230, 53 L. Ed. 435; Wabash R. Co. v. Adelbert College, 208 U. S. 38, 28 S. Ct. 182, 52 L. Ed. 379; Stanton v. Heard, 100 Ala. 515, 14 So. 359.

■ This is entirely different from the jurisdiction of a court over a cause of action because such cause is pending in another court and in a different suit. Its pendency does not destroy the jurisdiction of that court subsequently receiving the suit, but only furnishes occasion for an abatement of such subsequent suit. But, until abated, the subsequent suit may proceed to final judgment, even before the former comes on for trial, and may then be res judicata of the former.

■ But a different situation exists when property has come in gremio legis, by the appointment of a receiver, or otherwise. For then another court has no power or jurisdiction to seize it. Stanton v. Heard, supra; State ex rel. Sullivan v. Reynolds, 209 Mo. 161, 107 S. W. 487, 15 L. R. A. (N. S.) 963,

123 Am. St. Rep. 468, 14 Ann. Cas. 198; Texas v. Palmer, 158 F. 705, 22 L. R. A. (N. S.) 316 (C. C. A.); Palmer v. Texas, 212 U. S. 118, 29 S. Ct. 230, 233, 53 L. Ed. 435; Wabash R. Co. v. Adelbert College, 208 U. S. 38, 28 S. Ct. 182, 188, 52 L. Ed. 379; Waters-Pierce Oil Co. v. Texas, 107 Tex. 1, 106 S. W. 326; High on Receivers, § 48; Empire Trust Co. v. Brooks (C. C. A.) 232 F. 641; 2 Tardy's Smith on Receivers, § 702; 7 R. C. L. 1068.

■ There seems to be no conflict of authority as to the foregoing proposition. In the case of Empire Trust Co. v. Brooks, supra, the Circuit Court of Appeals refers to the distinction which we have herein pointed out, to the effect that the pendency of a suit which may lead to the appointment of a receiver, but in which no receiver has been appointed, does not necessarily deprive another court of concurrent jurisdiction from appointing a receiver in a suit subsequently filed. The other court there was a federal court, and the pendency of the former suit in a state court was not even matter of plea in abatement of the latter. But he shows a distinction between the concurrent exercise of jurisdiction in two courts of the same subject-matter, and the power of one court to seize property which another court of co-ordinate jurisdiction has already seized. The exercise of jurisdiction may or may not be subject of a plea in abatement, and, though it is such, may or not be in fact pleaded in abatement. Until this is done, both courts have jurisdiction to proceed. But, whether it is the subject of such plea or not, and, if so, whether pleaded or not, the courts without exception so far as we know hold that, after one court has seized property actually or constructively, and still maintains its jurisdiction over it, another court is without power to make another seizure of it. When this is undertaken, there is an excess of jurisdiction thereby attempted, and prohibition is the proper process to stop it. State ex rel. Sullivan v. Reynolds, supra; Ex parte Wilkinson, supra.

Other and different questions arise when the issue is merely an abatement of the second suit, because of the pendency of the first. This can work no hardship, for "the parties aggrieved should seek relief in the court which is already in possession of the property through its receiver." High on Receivers, supra. Such "court during the continuance of its possession has, as incident thereto and as ancillary to the suit in which the possession was acquired, jurisdiction to hear and determine all questions respecting the title, the possession, or the control of the property" (Wabash R. Co. v. Adelbert College, supra), and "the possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and, for the time being, disables other courts of co-ordinate jurisdiction from exercising like power" (Palmer v. Texas, supra).

It therefor matters not what is the nature of the relief sought in the Montgomery court, or when the facts occurred as affecting the propriety of the issuance of prohibition to that court. If the Jefferson court had by its receiver the actual or constructive possession of the property, no other court of co-ordinate jurisdiction could seize it by a receiver, attachment, or other process, in any nature of suit.

We now approach the inquiry of whether the order appointing the receiver is such a constructive seizure as to come within this rule. In High on Receivers, § 121a, pp. 140, 141, it is said that, when an order appointing a receiver is made requiring the execution of a bond, "upon the filing of his bond in accordance with the order of the court, the receiver's title to and right to the possession of the property over which he is appointed have relation back to the date of his appointment. Such title will therefore be upheld as against creditors levying upon the property between the date of the receiver's appointment and the filing of his bond."

The question was considered by the New York Court of Appeals, in which an order was made appointing a receiver, but it contained a condition requiring him to make bond. Before he did so, another person undertook to seize the property in a different proceeding. The court said: "The appointment of receiver is completed at the furthest by the filing and entering of the order appointing him, although before he proceeds to the discharge of his duties he may be directed to execute and file a proper bond. When that is done, he can take actual, manual possession of the property, and his title relates back to the time of his appointment. In re Christian Jensen Co., 128 N. Y. 550, 28 N. E. 665." In re Schuyler's S. T. B. Co., 136 N. Y. 169, 32 N. E. 623, 624, 20 L. R. A. 391. While this case was reversed by the Supreme Court of the United States in Moran v. Sturgis, 154 U. S. 256, 14 S. Ct. 1019, 38 L. Ed. 981, the reversal is predicated upon the holding that the second suit was not in a court of concurrent jurisdiction, and that, though the property may be constructively in the custody of the law pending appeal, it is not so as to all persons and for all purposes. But that court, in Palmer v. Texas, supra, approved and affirmed a ruling by the Circuit Court of Appeals in the same case, 158 F. 705, 22 L. R. A. (N. S.) 316, that the effect of supersedeas appeal is merely to suspend the order appointing a receiver pending the appeal, and that, after supersedeas bond on appeal is given, jurisdiction is in the appellate court, and pending such appeal another receiver may not be appointed by another court of concurrent jurisdiction. 23 R. C. L. 67; American Bank & Tr. Co. v. Feeney Tool

Co., 106 Conn. 159, 137 A. 756; In re Hoagland, Robinson Co., 36 Misc. Rep. 28, 72 N. Y. S. 435.

▇▇▇▇▇ We have undertaken to show that under our statutes the receiver is none the less appointed though he has not qualified, and though complainant has not complied with the conditions, as long as there is no default in either respect, and that such an order is appealable before the conditions are complied with. If so, we think, the conclusion follows that such order is a conditional seizure of the property. No further order of the court is necessary. As soon as the conditions are complied with, the seizure becomes complete and relates back to the date of the order. It is insisted that this may never occur. But, as we have said, the court may control bad results from such a situation by appropriate orders. The complainants in the Montgomery court may intervene in the Jefferson court, and cause such modification of the order in this respect as the facts may justify; or the court may do so on its own motion.

It seems very clear to us, therefore, that the appointment of the receiver by the Jefferson court on the conditions named had the effect of a constructive seizure until default occurred in complying with the conditions, and that such seizure was not affected by the appeal, though the order may be superseded during its pendency.

The seizure extended only to the endowment fund, and did not extend to the operation of the affairs of the corporation other than the preservation of that fund, its proper distribution, and its restoration to a proper status.

The Montgomery case goes beyond this theory. In it the complainants contend that a receiver should be appointed over all its affairs, including the endowment fund. That court approved the contention and appointed a receiver accordingly. We are not called upon to consider the propriety of such order, but only the power of that court to make it, by reason of the seizure of a portion of the property through a receivership in another court of co-ordinate jurisdiction.

▇▇▇▇ Our judgment being that the Montgomery court could not embrace in its order the property thus seized by the Jefferson court, the question is, Can the former court appoint a receiver for the other assets and affairs of the grand lodge, not included in the Jefferson court?

In High on Receivers, § 93, it is said that the practice is to extend the existing receivership over the residue of the property for the benefit of the complaining parties. We cannot approve a practice which would permit two courts of co-ordinate jurisdiction, each to appoint a receiver of different constituent portions of the operations of one enterprise, whose business is interwoven as shown in this case, and conduct each such receivership separately. Indeed, the suit in Montgomery county does not undertake to do so.

Our judgment is that, so long as the seizure of the endowment fund of the grand lodge by the appointment of a receiver continues effective in the Jefferson court, or in this court on appeal, no other court with jurisdiction concurrent with the Jefferson court has the power to seize that or any other part of the business and properties of the Grand Lodge by another receiver, thereby effecting two receiverships running concurrently over different aspects of one co-ordinated enterprise.

It follows as a result that the writ of prohibition is ordered as prayed for.

Writ awarded.

### On Rehearing.

In Illinois there is a statute quite similar to that in Alabama, requiring, in substance, that the complainant's bond must be made before the receiver shall be appointed. In the case of Ayres v. Graham Steamship C. & L. Co., 150 Ill. App. 137, a receiver was appointed and the property required to be delivered to him forthwith, but complainant was ordered to give bond within four days. This was not made a condition to the effect of the order, and the receiver's authority under it was not postponed until the bond was executed. The court said that there was no power to appoint without first requiring complainant to give bond. This rule has been observed in that state in the later cases. In Labowitch v. Labowitch, 202 Ill. App. 35, it is said, "On the appointment of a receiver, complainant must be required to give bond."

California also has a similar statute. In the case of Ryan v. Murphy, 39 Cal. App. 640, 179 P. 517, it is said to be mandatory that the order appointing the receiver shall require a bond of the applicant, and, where it has not been complied with, the appointment is void.

In none of the cases do we find that a statute of this nature is not observed if the order appointing the receiver is not to become operative until the complainant gives bond.

▇▇▇▇ The effect of our statute was involved in our case of Engle v. Bronaugh, 210 Ala. 467, 98 So. 283. In that case, following Pagett v. Brooks, 140 Ala. 257, 37 So. 263, this court held that on collateral attack the appointment of a receiver without requiring bond by complainant was not void. The court of equity had jurisdiction of the subject-matter and the parties. Its failure to comply with the statute should have been remedied on direct attack, and not otherwise. The attack of com-

plainants in the Montgomery county case, supra, upon the appointment of the receiver in Jefferson county, is collateral, and, even though bond had not been required, the order would not be void on such attack, upon the authority of those cases. But the order of the Jefferson county court did not ignore that statute, but made the execution of the bond a condition precedent to the effectiveness of the appointment.

But, as we have pointed out, when the bond is given, the order of appointment was then effective from its date. Engle v. Bronaugh, supra. In the meantime the court had assumed to exercise constructive dominion over the property. The bond when made protected defendant; for until then he sustained no damage by a constructive seizure. The statute can mean nothing else in effect but that the bond must be made a condition precedent to the right of the receiver to function as such, and we have been cited to nothing to the contrary.

We are not impressed with the argument now made for the first time that the writ may not issue unless the complainants in the Montgomery county case are made respondents.

In overruling the application for rehearing whereby the writ of prohibition shall issue as heretofore directed, it will not have the effect to prohibit the circuit court from causing the receiver to make final settlement of his acts as such, and to make due account for the property and effects which went into his possession, nor from directing the proper disposition of such effects, nor such other action as may be necessary to make final disposition of the cause pursuant to the views we have expressed.

Application for rehearing overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.