## JAMES E. WALSH vs. FRANKLIN M. RAYMOND.

New Haven & Fairfield Cos., Oct. T., 1889. ANDREWS, C. J., CARPEN-
TER, LOOMIS, J. M. HALL and THAYER, Js.

The defendant, appointed by the Superior Court receiver of an insolvent co-
partnership, as such receiver employed the plaintiff, an attorney at law,
to render him certain necessary legal services.   No agreement was
made as to the amount to be charged by the plaintiff, but after the ser-
vices were rendered he charged $125.   The defendant declined to pay
more than $75, which he paid, and the plaintiff received it and credited
the amount on his account.   The defendant afterwards rendered his
final account to the court, giving the plaintiff notice to attend and be
heard as to the amount to be allowed on account of his claim by the
court.   The plaintiff attended and was heard as to the amount to be
allowed, but the court refused to allow more than $75, and discharged
the receiver from his trust.   Held that the plaintiff was concluded by
this adjudication and could not recover anything more from the de-
fendant.

A receiver has no right as such to employ counsel without the consent of
the court; and when counsel are so employed the court will determine
the amount to be allowed them for their services.

A receiver may however make himself personally liable upon his contracts,
and will be protected by the court appointing him only when he acts
strictly under its orders.

[Argued October 29th—decided December 16th, 1889.]

ACTION for legal services rendered the defendant as re-
ceiver of an insolvent copartnership; brought, by appeal
from the judgment of a justice of the peace, to the Court of
Common Pleas of Fairfield County, and heard in that court
before *Beers*, *J.* Facts found and judgment rendered fo.
the defendant, and appeal by the plaintiff. The case is suf-
ficiently stated in the opinion.

*H. B. Scott*, for the appellant.

1. The defendant was acting under the statutes, by which
his rights and duties were limited, and although named a
"receiver," his status very much resembled that of an as-
signee in insolvency.   Beach on Receivers, §§ 1, 251; High
on Receivers, § 1, note; *Pond* v. *Cook*, 45 Conn., 126, 133;

*Taylor* v. *Columbia Ins. Co.*, 14 Allen, 353; *Central Trust Co.* v. *N. York City & North. R. R. Co.*, 110 N. York, 258. Suits were pending and legal assistance was needed. The defendant had the right to employ counsel and to credit himsel with such amount for their services as he thought proper. He could make such agreements with counsel as he saw fit; he asked no advice from the court, but proceeded upon his own judgment. In incurring expense we cannot see how he differed in his position from that of an executor or a trustee in insolvency, and there is no doubt that such a representative of an estate is liable personally for fees of an attorney. Beach on Receivers, § 313; High on Receivers, § 805; *Taylor* v. *Mygatt*, 26 Conn., 184; *Burke* v. *Terry*, 28 id., 415; *Brown* v. *Eggleston*, 53 id., 110; *Bowman* v. *Tallman*, 2 Robert., 385; *Ferrin* v. *Meyrick*, 41 N. York, 315; *Davis* v. *Storer*, 58 id., 473.

2. But it is claimed that the allowance of the receiver's account by the Superior Court bars this action. This, we think, is a misapprehension of the purpose and effect of the rendition of the account. Its design was to settle the relations of the receiver to the estate, not to his creditors. If he incurred expenses in the discharge of his duties, he was at liberty to credit himself with that portion of them which he thought proper. Any creditor of the estate or partner could object that he credited himself with too much, but no one could complain that he was charging too little. The Superior Court evidently took this view.

*J. B. Hurlbutt*, for the appellee.

J. M. HALL, J. The defendant in this action was appointed a receiver of a copartnership by the Superior Court for Fairfield County, pursuant to the provisions of section 1316 of the General Statutes.

The finding shows that "upon the application of the plaintiff to the defendant, the plaintiff was employed by the defendant as such receiver to act as his attorney in the settlement of said estate, and the plaintiff acted in that

capacity during a portion of the time that the estate was in the course of settlement." The bill of particulars filed in the case shows that the plaintiff's claim is wholly for services rendered the defendant as such receiver. A difference of opinion arose between the defendant and the plaintiff as to the value of the plaintiff's services rendered the defendant as receiver, which resulted in the defendant's paying the plaintiff the sum of $75, which the plaintiff credited on his account. For the purpose of adjusting this claim and relieving himself of further liability thereon, the defendant, when he came to settle his final account as receiver, notified the plaintiff to be present at the hearing upon his account in the Superior Court, to make objections, if any he had, to the allowance of the sum of $75 which the defendant had credited himself in his account as paid to the plaintiff for his services as his counsel, while he was acting as receiver.

The plaintiff appeared in court according to the notice, objected to the settlement of the account, and claimed that a larger sum should be allowed him for the services he had rendered to the receiver during the settlement of the estate. The court, after hearing both parties, declined to make any further allowance to the plaintiff, accepted the final account of the receiver, and discharged him from his trust. No appeal was taken from such action of the court. The defendant thereupon paid out all the funds in his hands belonging to the estate in accordance with the orders of the court. Thereafter the plaintiff brought this suit against the defendant to recover a balance claimed to be due him for his services rendered to the defendant while acting as such receiver. in excess of the sum allowed him upon the final settlement of the receiver's account.

The defendant claimed in his answer to the suit in the Court of Common Pleas, that the action and decision of the Superior Court, in allowing the plaintiff the sum of $75, and refusing to allow him more, after a hearing, was a bar to the plaintiff's action, and that he was not personally liable for such services. The court below sustained the defend·

ant's claim. The plaintiff appeals for error in such ruling of the court. We are of opinion, however, that a brief consideration of the duties and powers of a receiver, the nature of the office itself, and the relations of a receiver to the court appointing him, will abundantly justify the deci sion of the lower court.

A receiver is uniformly regarded as an officer of the court. He is the servant to whom the court entrusts the property *in custodia legis,* of which the court itself is the guardian. He is regarded as the executive officer of a court of chancery, in much the same sense as a sheriff is the executive officer of a court of law, and the goods or property in his hands are as much in the custody of the law as if levied upon under an execution or attachment. High on Receivers, § 2. BALDWIN, J., in giving the opinion of the court in *Beverly* v. *Burke,* 4 Grat., 208, says:—" The receiver is the officer and representative of the court, subject to its orders, accountable in such manner and to such persons as the court may direct, and having in his character as receiver no personal interest but that arising out of his responsibility for the correct and faithful discharge of his duties. It is of no consequence to him, how, or where, or to whom, the court may dispose of the funds in his hands, provided the order or decree of the court furnishes to him a sufficient protection."

It is evident that a receiver must, in the absence of statutory authority, derive his powers largely from the established practice of courts of equity, and in this respect as well as his relations to the court appointing him and the consequent restriction upon his powers, a receiver occupies a somewhat different position from that of an executor or administrator. Strictly, a receiver has no right to incur any liability or in any way hazard the fund in his custody without the consent of the court. He has no power to commence or defend suits without such consent. It has been held also that courts will not allow a receiver any payments made to counsel for services when the employment of such counsel has

not been authorized by the court. *Corey* v. *Long*, 43 How. Prac. R., 504.

In this case no question is made as to the employment of counsel by the receiver, and the court has approved of the necessity and propriety of such action of the receiver. But when such counsel are employed with the approval of the court, all the authorities agree in holding that the court will pass upon the amount to be allowed them for their services to the receiver. The authority several times cited on the plaintiff's brief clearly sustains this doctrine. " As a general proposition it may be said that a receiver may retain counsel without leave of the court, and that the assets in his hands are liable for their fees, *which first however must be allowed by the court.*" Beach on Receivers, § 751.

We are satisfied that this rule as to compensation of counsel prevails in both the English and American courts, and that it is the universal practice of courts of equity to compel claimants upon the fund to present their claims before the court in charge of the fund, and that where so presented and finally passed upon such claims are *res adjudicatæ* so far as the receiver is concerned, and his personal liability thereon ceases.

We believe such a rule to be a salutary one, and well calculated to prevent abuses and protect receivers in the discharge of their duties. The nature of the duties imposed by the office demands that the court protect its own officer while acting strictly under the orders of the court. This courts of equity constantly do, in forbidding the bringing of suits against receivers without the consent of the court. Such consent will not be granted where the receiver has kept clearly within the scope of his authority and acted wholly under the direction of the court. The following observations of the court in the case of *De Groot* v. *Jay*, 30 Barb., 484, are peculiarly applicable to the case under consideration :—" The receiver is an officer of the court, and by the well settled practice permission of the court was necessary to warrant an action against him. This rule is essential for the protection of receivers against unnecessary and

oppressive litigation and should be carefully maintained. It is a contempt of the court to sue a receiver without such permission. In most cases of claims against a receiver, or the fund or property in his hands, the remedy by special motion is adequate. Any persons having such a claim may resort to this summary remedy. The fund or property being held by the court, by its receiver, in trust for those entitled to it or to be paid out of it, the court may administer justice to claimants without suit, upon special application. In the present case all the relief sought, to which the plaintiff is entitled, might be obtained in that mode. And that mode is commended by considerations of economy as well as expedition."

The defendant in this action appears to have followed the established practice in regard to the settlement of the fees of counsel employed by receivers. The court having control of the whole matter and conversant with all the details of the service rendered by attorneys in such cases, is exceptionally well equipped to pass upon the value of services of this character. We cannot conceive that any attorney at law, whose every act must be with full knowledge that he is acting for an officer of the court, will complain that in accepting employment for a receiver he is held to do so with the understanding that his compensation will depend upon the amount that may be allowed him therefor by the court upon the final accounting of the receiver. Any other rule would subject the receiver to expensive litigation after his final accounting and discharge from his trust by the court. We do not mean, however, to be understood as holding that a receiver while acting as such cannot make himself personally liable upon his contracts or otherwise, but simply that he will be protected so long as he acts strictly under the orders of the court appointing him.

The defendant in this action complied with all the orders of the court, and the court accepted and approved his account after passing upon and disallowing the claim of the plaintiff. We are compelled to hold that this action of the

court barred the plaintiff from any further proceedings against the defendant on account of said claim.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.