## FELIX MANN ET AL. V. DUBLIN COTTON OIL COMPANY.

### No. 729. Decided December 22, 1898.

**1. Agency—Limited Authority—Change of Contract.**

A contract for the sale of cattle having provided that they should be delivered and weighed at a certain point and under certain conditions, a writing from the seller empowering the buyer to represent him in weighing the cattle did not authorize such agent to consent to a change in the place and conditions of the delivery and weighing. (P. 379.)

**2. Certified Question—Undetermined Facts.**

Where the answer to be given to a certified question depends upon the determination of a question of fact not found by the Court of Civil Appeals the Supreme Court will decline to answer it. (Pp. 379, 380.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from Brown County.

*Jenkins & McCartney, W. A. Wright,* and *G. H. Garland,* for appellants.—The actual authority of a special agent must govern, and his acts transcending his authority will not bind his principal, and those dealing with him must at their peril know the extent of his powers. Machinery Co. v. Peter, 84 Texas, 631; Harrington v. Moore, 21 Texas, 549; Reese v. Medlock, 27 Texas, 122; Gouldy v. Metcalf, 75 Texas, 458; Dyer v. Duffy, 24 Law. Rep. Ann., 340; Munn v. Com. Co., 15 Johns., 44; Craighead v. Peterson, 72 N. Y., 279; 1 Am. and Eng. Enc. of Law, 351.

*Goodwin & Grinnan,* for appellee.—If the authority of White only extended to weighing the cattle at Brownwood, the fact that he exceeded his authority in having the cattle weighed in Dublin could not impair the rights of the appellee under the contract, it having no authority over White in the premises, and it having protested against shipping the cattle to Dublin to be weighed.

White was authorized to weigh the cattle and deliver them to appellee, and his authority was not restricted to weighing them at any particular place or time.

If the authority of White as originally given limited him to weighing the cattle at Brownwood, on ascertaining that the cattle could not be weighed at Brownwood the emergency of the case enlarged his authority, and his act in weighing the cattle at Dublin would be binding on appellants.

The weighing of the cattle at Dublin was not a material change in the contract such as would release the guarantors.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals of the Third Supreme Judicial District has certified to this court the following statement and questions:

"This action was brought by appellee, the Dublin Cotton Oil Company, of Dublin, Texas, against Felix Mann, principal; and his guarantors, Wm. Bevans and W. W. Lewis, upon the following contract: ·

" '*The State of Texas, County of Menard.*—This contract made and entered into this 3d day of September, 1894, by and between Felix Mann, of said county and State, party of the first part, and G. H. Connell, of Erath County, Texas, party of the second part, witnesseth:

" 'That said Felix Mann has this day contracted and sold to said G. H. Connell one thousand, five hundred head (1500) of three (3) and four (4) year old steers and up (about one thousand head of said cattle to be four years old or over.)   Said cattle to average in weight not less than eight hundred pounds per head, and to be good, smooth, merchantable cattle of good style, shape, and in good condition, and branded N thus; and said cattle to be cattle raised in Menard and adjoining counties, to be passed upon as to style, age, and quality at said Felix Mann's ranch in Menard County, Texas, between the 10th and 25th days of October, 1894; said Felix Mann to give said G. H. Connell notice of the time when said cattle will be ready to be passed upon, in time, so that the said Connell or his agent or representative may be present.

" 'And the said Felix Mann agrees to deliver said cattle on board the cars at Brownwood, Texas, between the 20th of October and the 1st of November, 1894.   Said cattle to be penned at Brownwood one night without feed or water, the night before being weighed.

" 'And the said G. H. Connell hereby agrees to pay for said cattle two and one-eighth (2 1-8) dollars per one hundred pounds.

" 'Ten Thousand Dollars ($10,000) of the value of said cattle has this day been paid by the said G. H. Connell to said Felix Mann, receipt of which is hereby acknowledged by the said Felix Mann, and the said G. H. Connell hereby agrees to advance to said Felix Mann on said cattle, to be delivered as aforesaid, the further sum of five thousand dols. ($5000) on September 15th, 1894; and five thousand dollars on October

1, 1894; and the balance of said money for said cattle on receipt of said cattle, as aforesaid, on the cars at Brownwood, Texas.

"'Witness our hands, this the day and date above written.

"'FELIX MANN,
"'G. H. CONNELL.

"'Witnessed by L. W. Ainsworth, W. E. Adkins.

"'We hereby guarantee the fulfillment of the above and foregoing contract for and on the part of Felix Mann, this 3d day of September, 1894.

"'WM. BEVANS,
"'W. W. LEWIS.'"

We make the following condensed statement of the facts certified which are applicable to the question answered by us.

Eleven hundred and seven head of cattle were gathered by Mann at his ranch and he notified the Dublin Cotton Oil Company of the fact, when Connell, the president of the company, went to the ranch and accepted the cattle in part performance of the contract. Mann had the cattle driven to or near Brownwood. Jas. A. White was the bearer of the following note: "The bearer, Jas. A. White, will represent me in weighing my cattle. Yours truly, Felix Mann." Which note was delivered by White to Connell, the president of the cotton oil company. There were no suitable scales at Brownwood to weigh the cattle on, which were held at that place without feed and water, and the next morning White had them loaded on the cars and they were shipped to Dublin, where they were weighed without being watered or fed.

The guarantors, Lewis and Bevans, at no time consented to the removal of the cattle from Brownwood to Dublin to be weighed, nor did they consent to any change in the contract. No other cattle were ever delivered under the contract except 1107 head.

The following questions are submitted:

1. "Did the written authority of Mann to White authorize the latter, as to Mann, to carry the cattle to Dublin to be weighed?"

2. "If Lewis and Bevans did not consent to have the cattle weighed at Dublin and they did not ratify the same, and plaintiff accepted the cattle and their weights as weighed at Dublin, would such alteration in the contract in the part performance of it discharge the guarantors Lewis and Bevans?"

We answer the first question in the negative. The writing submitted empowers Jas. A. White to perform a particular act,—to superintend the weighing of the cattle according to the contract between the parties, but did not authorize him to vary from the terms of the contract in the time, place, or manner of weighing them.

The answer to be given to the second question depends upon the determination of a question of fact not found by the Court of Civil Appeals; that is, did the Dublin Cotton Oil Company consent to the taking

of the cattle to Dublin to be weighed? If they did consent, one answer would probably be given, and if it did not, a different answer might be made to the question. This court has no power to determine questions of fact from conflicting testimony submitted to it, and we must decline to answer the second question, because the issue of fact has not been determined by the Court of Civil Appeals.

As to the manner ·of certifying questions to this court, we invite attention to Railway v. Zantzinger, this day decided by this court.