## MARY J. ALDRICH *vs.* DAVID HIGGINS.

Third Judicial District, Bridgeport, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The fact that a mortgaged chattel was not described with the certainty required by General Statutes, § 4132, does not impair the title of a mortgagee who takes possession before the rights of third parties attach.

One who seeks to attach the interest of a mortgagor in chattels which are in the lawful possession of the mortgagee, can take them out of the latter's possession only upon paying him the amount of his incumbrance.

One who by special direction causes the attachment of the goods of a stranger to the suit is liable for the conversion.

The measure of damages for the conversion of property unlawfully attached and subsequently sold on execution, is the value at the date of the attachment.

Proof of demand and refusal on a certain date does not preclude proof of an actual conversion at an earlier date.

As a general rule, the date of the conversion of goods need not be proved as alleged.

Argued October 25th—decided December 16th, 1904.

ACTION for the conversion of a piano, brought to the City Court of Meriden and tried to the court, *Pearne, Acting-Judge;* judgment for the plaintiff and appeal by defendant. *No error.*

*Cornelius J. Danaher*, for the appellant (defendant).

*William C. Mueller*, for the appellee (plaintiff).

HALL, J. The complaint alleges these facts: On February 25th, 1902, Charles J. Aldrich gave to the plaintiff his note for $350, for value received, secured by a mortgage on his household furniture and piano, as recorded in a certain volume and page of the Meriden land records, which note has not been paid. On the 19th of September, 1902, Charles J. Aldrich sold and transferred the piano to the plaintiff, and she took possession of it. On the 22d of September, 1902, the plaintiff was the owner and in possession of the piano, and one Downs forcibly took it into his possession and carried it away, and on the 10th of March, 1903, sold it to the defendant, who took it into his possession and converted it to his own use. On March 18th, 1903, the plaintiff demanded it of the defendant, but he refused to deliver it to her.

In his answer the defendant denies all these allegations, except that Downs sold the piano to the defendant, and that he took it into his possession.

By a special defense the defendant alleges that Downs, as a constable, attached the piano upon a writ in an action against said Charles J. Aldrich, in which the present defendant was plaintiff, and afterwards levied upon it, " as the property of said Charles J. Aldrich," under an execution issued in said action, and on March 10th, 1903, lawfully sold it to the defendant. This defense further alleges that at the time of the attachment and levy Charles J. Aldrich was the owner of the piano, and the plaintiff was not the owner nor in possession of it, and that the alleged mortgage of February 25th, 1902, and transfer of September 19th, 1902, were without consideration, and were fraudulently made for the purpose of cheating the creditors of said Charles J. Aldrich. These averments are denied by the plaintiff's reply.

The trial court found that the mortgage of February 25th, 1902—in which the property mortgaged is described as " the

following articles of personal property, to wit, all my household furniture, including my piano, located in the dwelling-house at No. 945 Broad Street, in said town of Meriden "— was given in good faith, to secure the payment of the note of Charles J. Aldrich to the plaintiff for $350 for money loaned; and that at the time of the attachment on the 22d of September the legal title to the piano was in the plaintiff, subject to be defeated by the payment of the mortgage debt, and that she was then in possession of the piano, having taken possession of it, and of the other personal property embraced in the mortgage, on the 19th of September, at the direction of Aldrich, who, prior to that day and while indebted to sundry persons, had left Meriden in the night. It is found that the piano was attached and taken from the plaintiff's possession at the special direction of the defendant; that the defendant was at that time informed of the plaintiff's mortgage title; that demand was then made upon the defendant for a redelivery of the piano to the plaintiff, and that a similar demand was also made on March 18th, 1903. The officer's return upon the execution states that on the 10th of March, 1903, he ": sold said piano, or the right, title, and interest therein of the within named debtor, to the highest bidder, David Higgins, . . . for the sum of $15 cash, subject to any legal claim there might be upon it."

Upon the trial the plaintiff introduced evidence that the value of the piano at the time of the attachment was from $150 to $200; and the defendant, that at the time of the execution sale on March 10th it was $100. The defendant claimed that the value at the latter date was the measure of damages in case of a judgment for the plaintiff, but the court overruled this claim, and found that the value of the piano at the time of the attachment was $175, and rendered judgment for the plaintiff for that sum.

That the mortgage and subsequent delivery of the piano to the plaintiff were not fraudulent is conclusively determined by the finding of facts.

That the piano was not more particularly described in the mortgage did not defeat the plaintiff's title to it at the time

of the attachment, when it was in her possession.  A failure to comply with the requirements of § 4132 of the General Statutes, only impairs the mortgagee's title to personal property in the possession of the mortgagor.  The delivery of the piano to the plaintiff on the 19th of September cured any defect which may have previously existed in her title by reason of the claimed insufficient description of the property in the mortgage.  *Howe* v. *Keeler*, 27 Conn. 538, 558.

The taking of the piano from the possession of the plaintiff cannot be justified upon the ground that only the mortgagor's interest in it was attached under the writ and sold under the execution.  The facts indicate that the piano was taken from the plaintiff's possession by the attachment, upon the claim that the plaintiff had no title to it.  But if the defendant could have attached the mortgagor's interest, he would have had no greater right than the mortgagor to take the piano from the plaintiff's possession.  He could not have interfered with her title by taking it from her lawful possession without having first released it from the incumbrance which she had upon it.  *Thompson* v. *Rose*, 16 Conn. 71, 84.

Proof that the plaintiff had a good title to the piano, and that at the special direction of the defendant it was taken from her possession on the 22d of September under a writ of attachment issued against another person, was proof of a conversion by the defendant at that time, and entitled the plaintiff to recover the value of the piano at that time. *Meade* v. *Smith*, 16 Conn. 345, 366 ; *Dyer* v. *Cady*, 20 id. 563, 569.

The fact that the plaintiff proved a demand and refusal on the 18th of March, 1903, did not preclude her from proving the actual conversion on the 22d of September.  *Clark* v. *Hale*, 34 Conn. 398, 402.  Nor was the proof of a conversion on the 22d of September materially variant from the allegation of a conversion on the 10th of March.  In actions for a conversion of goods the time of the conversion is generally not so material that it may not be proved to have been on a different day from that alleged.  1 Swift's Dig., s. p.

658; *Glenn* v. *Garrison,* 17 N. J. L. 1. Evidently the defendant was not surprised by the plaintiff's proof of a conversion on the 22d of September, as he seems not only to have made no objection to such proof, but to have himself, by his special defense, first raised the question of whether the original attachment was lawful.

The defendant's demurrer to the complaint was properly overruled, and requires no separate discussion.

There is no error.

In this opinion the other judges concurred.