THE AMERICAN BANK AND TRUST COMPANY *vs.* THE
FEENEY TOOL COMPANY, INC., ET ALS.

Third Judicial District, Bridgeport, April Term, 1927.
WHEELER, C. J,. MALTBIE, HINMAN, BANKS and WOLFE, Js.

The description of property in a chattel mortgage will not be held
insufficient as a matter of law unless it is too meager, imperfect
or uncertain to serve as an adequate means of identification.

Section 5207 of the General Statutes provides that no chattel mort-
gage "shall be held invalid as to any item of personal property
included therein, by reason of its being described as consisting
of less than its true number or quantity; and, if foreclosed, the
court may make a just order of division in its final decree." *Held*
that this statute was designed to cover a situation such as that
existing in the present case, where the parties, obviously in-
tending to include in the mortgage all the machinery in the
mortgagor's factory and, therefore, deeming it unnecessary to
identify each article by reference to name, model, serial number
or otherwise than by a mere recital of the quantity of each type
of machine, had accidentally understated the number of lathes
and presses which were actually in the building at the time;
and that the mortgage was not invalid because of inadequacy
of description.

Pending the outcome of the present action to foreclose the mort-
gage, and by stipulation of the parties, including the mortgagor's
receiver, all the contents of the factory were sold and the pro-
ceeds deposited with the clerk of the court. Thereafter the
receiver accepted from the purchaser a sum in settlement of his
claim for the machinery contained in the factory in excess of
that described in the chattel mortgage. *Held* that the parties
had by this arrangement accomplished, in effect, the equivalent
of the "just order of division" which the trial court might other-
wise have made, under the statute, in rendering its judgment
of foreclosure.

Immediately upon the appointment of a receiver, he is entitled to
possession of the corporate property but, whether he takes
actual possession or not, the property is in the custody of the
court and, thenceforth, it cannot be encumbered in such a way
as to prejudice the rights of the receiver or to thwart the objects
or purposes for which the law places it in his control, nor can it
be sequestered by attachment or repossessed by a conditional
vendor or chattel mortgagee to the disadvantage of the receiver
or of the creditors whom he represents.

Argued April 21st—decided June 6th, 1927.

ACTION to foreclose a chattel mortgage, brought to the Superior Court in Fairfield County and tried to the court, *Baldwin, J.;* judgment for the plaintiff and appeal by the defendant Frank L. Wilder, trustee in bankruptcy. *No error.*

*Harry Allison Goldstein,* with whom, on the brief, were *Joseph G. Shapiro* and *Charles S. Brody,* for the appellant (defendant Frank L. Wilder, trustee in bankruptcy).

*John A. Spafford,* with whom, on the brief, was *Robert C. Mallette,* for the appellee (plaintiff).

HINMAN, J.   The essential facts, found by the trial court, are as follows:   On August 4th, 1920, the plaintiff loaned $10,000 to The Feeney Tool Company, Inc., and the company gave the plaintiff its demand note secured by a third mortgage on its real estate.   On December 3d, 1921, the plaintiff loaned the Tool Company the further sum of $3,000, upon an unsecured note due March 10th, 1922.   On April 3d, 1922, Karl Auth, owner of the second mortgage on the real estate, brought an action of foreclosure.   On April 6th, 1922, the Tool Company executed to the plaintiff, as additional security for the notes of $10,000 and $3,000, a chattel mortgage upon personal property (machinery and tools) located in the Tool Company's factory building.   On June 2d, 1922, judgment of foreclosure was rendered in the action of Karl Auth, fixing the law day of The American Bank and Trust Company as March 7th, 1923.   On February 6th, 1923, Frank L. Wilder was appointed temporary receiver of the Tool Company by a judge of the Superior Court, qualified, and continued to act as such until appointed trustee in bankruptcy.   On March 7th, 1923, plaintiff, by redemption of the Auth mortgage, became vested with

the title to the factory building under the foreclosure decree and took actual possession of the same, together with possession of the personal property described in the chattel mortgage. On March 8th, 1923, an involuntary petition in bankruptcy was filed against the Tool Company; on May 17th, 1923, the company was adjudicated a bankrupt, and on June 1st, 1923, Wilder was appointed trustee in bankruptcy.

Pursuant to stipulation of the parties to the present action that the property described in the chattel mortgage be sold and the proceeds held by the clerk of the court pending trial of the case, on August 7th, 1924, the personal property was sold to J. L. Lucas & Son for $5,200. Thereafter the defendant Wilder, trustee, made claim against Lucas & Son for personal property contained in the factory building in excess of that described in the chattel mortgage, taken by Lucas & Son, and the latter paid the trustee $300 in settlement of the claim.

The chattel mortgage described the personal property as follows: "The contents of a two-room machine shop located at #751 Central Avenue in Bridgeport, consisting of and including: 14 lathes, 2 planers, 4 drilling presses, 5 grinding machines, 21 foot presses, 2 furnaces, 5 shapers, 5 milling machines, 5 power presses, 3 safes, 1 filing machine, measuring instruments, and all and sundry the tools, equipment and appurtenances thereof." At the time the chattel mortgage was executed there were actually in the machine shop 16 lathes, 5 drilling presses, 7 grinding presses, and 22 foot presses, as well as the other articles specifically mentioned in the mortgage.

The court found, further, that at the time the chattel mortgage was executed and delivered the Tool Company was not in failing circumstances.

The claims of the appellant, in brief, are that he, as

receiver, had possession of the mortgaged personal property before March 7th, 1923, when the plaintiff is found to have taken possession; that he, as such receiver and subsequently as trustee in bankruptcy, retained such possession; and that the chattel mortgage is invalid by reason of inadequate description of the property attempted to be covered thereby.

The principal correction of the finding sought by the appellant is the elimination therefrom of the several statements to the effect that on March 7th, 1923, the plaintiff took possession of the personal property described in the chattel mortgage and retained the same until it was sold, and that defendant Wilder never had actual possession thereof either as receiver or as trustee in bankruptcy. The uncontradicted testimony of the president of the plaintiff bank is that, on the date when the bank redeemed the Auth mortgage, the key to the factory building in which the machinery was located was delivered to the plaintiff by Feeney, and we find in the record no direct evidence of physical possession of the machinery by or for Wilder, at any time, although in June, 1923, appraisers made an inventory of the property in the bankruptcy proceedings. It cannot be said that the finding of actual possession by the plaintiff is unsupported by evidence, and so it must stand, and the requested finding that the property was in the actual possession of Wilder cannot be made.

It is undisputed that Wilder, upon his appointment and qualification as receiver, made an inventory in which the property described in the chattel mortgage was included; that the lathes, presses, and some of the other articles of machinery bore model or serial numbers which might have been referred to in describing them; and that there was no method of distinguishing the lesser number of lathes and presses included in the

mortgage from the larger number on hand at the time. These facts are, accordingly, added to the finding. There is sufficient evidence to support the finding (which is also attacked) that at the time the chattel mortgage was executed the Tool Company was not in failing circumstances. There is evidence of contention between Feeney and the Auths as to management, but no indication of an intent, at that time, to abandon the business or that the mortgage was made with a view to insolvency.

The principal claim of the appellant is that the chattel mortgage is invalid by reason of inadequate description of the property covered thereby, for the reason that there is no way of identifying and separating the lathes and presses mentioned and included in the mortgage out of the larger number of machines of these kinds which were in the Tool Company plant. It is only when a description is manifestly too meager and imperfect or uncertain to serve as an adequate means of identification that the court can adjudge the description insufficient as a matter of law. 5 R.C.L. p. 422. In *Croswell* v. *Allis*, 25 Conn. 301, it was held, as to items of hotel furniture of which the mortgagor owned a greater number of articles than was specified to be granted, that, since it could not be determined from the mortgage itself which of these articles were intended to be conveyed, the description was so indefinite and uncertain that none of them passed by it. If this ruling had remained unimpaired, it would be decisive in favor of the appellant's claim. But after the decision in *Croswell* v. *Allis* (1856), and apparently in consequence of it, the General Assembly, in 1864, passed an Act, now, in substance, § 5207 of the General Statutes, providing that no chattel mortgage "shall be held invalid as to any item of personal property included therein, by reason of its being described as con-

sisting of less than its true number or quantity; and, if foreclosed, the court may make a just order of division in its final decree." The obvious purpose of this statute is to give effect, in such cases, to the presumed intent of the parties to the mortgage that some benefit shall thereby be conferred upon the mortgagee, and at the same time to obviate the inequity of permitting the mortgagee to himself select the specified number of articles or items of property out of the larger number, especially if they be of varying value. See *Call* v. *Gray*, 37 N. H. 428; *Avery* v. *Popper & Bro.*, 92 Tex. 377, 71 Amer. St. R. 849; 5 R.C.L., p. 426. It empowers the court to allot to or for the benefit of the foreclosing mortgagee, from the whole number of articles answering the description, the number called for by his mortgage, with such regard to varying values of individual items as shall effect, under all the circumstances, a just division of them between such mortgagee and the mortgagor or other interested parties. This statute is applicable to the situation here presented. Under it the court might, in rendering judgment in this foreclosure action, make a just and equitable separation of the specified number of lathes and presses out of the larger number on hand, and give the trustee in bankruptcy the benefit of the remaining machines not covered by the mortgage. This the court doubtless would have done had not such provision been rendered unnecessary and prevented by the sale, under stipulation by all the parties, of all the property, the claim made by the trustee against the purchaser on account of the lathes and presses so sold, in excess of the number stated in the mortgage, and the settlement of that claim by such purchaser, with the trustee. Thereby was accomplished, in effect, the equivalent of the division which the court might otherwise have made, under the statute, in rendering judgment.

Doubtless the individual machines might have been more particularly described by reference to name, model or serial number, or otherwise, but the reason why such more detailed description was not deemed necessary is obvious from the record. It is apparent that the parties intended the mortgage to cover all the machines in the shop, in which case identification as between the individual machines would have been superfluous; the understatement in numbers was clearly accidental. The situation is similar to that presented in *Croswell* v. *Allis, supra,* and typically one contemplated by § 5207 of the General Statutes. Furthermore, the descriptions here in question differ in no essential respect from many of the items in the mortgage referred to in *City National Bank* v. *Stoeckel,* 103 Conn. 732, 742, 132 Atl. 20, as being sufficient to meet the requirements of § 5206. See Records and Briefs, 3d District, October, 1925, Part 1, p. 225.

We hold, therefore, that the mortgage is not invalid because of inadequacy of description, unaided by such curative effect as would be afforded by effective delivery of possession of the property to the mortgagee, under *Aldrich* v. *Higgins,* 77 Conn. 370, 373, 59 Atl. 498. See also *Central Trust Co.* v. *Worcester Cycle Mfg. Co.,* 93 Fed. 712; 11 Corpus Juris, 472. The existence, nature, and effect of possession by the plaintiff thus becomes unimportant, but since this question appears to have been the subject of considerable attention at all stages of the case subsequent to the taking of testimony (which, as above indicated, is devoid of much light on the subject) we discuss it briefly. A receiver's right to possession of the defendant's property dates from his appointment. The effect of the appointment is to put the property from that time into the custody of the receiver, as an officer of the court, for the benefit of the party ultimately proved to be

entitled to it. After the law vests the property in him, for the object and purpose contemplated by the statute, the court will not permit any party, with or without knowledge that it has so vested, to incumber it to the prejudice of the receiver or thwart the objects and purpose for which he holds it. *American Clay Machinery Co.* v. *New England Brick Co.*, 87 Conn. 369, 374, 87 Atl. 731; *Longstaff* v. *Hurd,* 66 Conn. 350, 359, 34 Atl. 91; *City National Bank* v. *Stoeckel, supra; Central Trust Co.* v. *Worcester Cycle Mfg. Co., supra;* 1 Clark on Receivers, § 464 *et seq.* When the court has thus assumed jurisdiction over the property it is thenceforth as much in its possession as if already in the actual possession of the receiver. *Walsh* v. *Raymond,* 58 Conn. 251, 254, 20 Atl. 464; *Chalmers* v. *Littlefield,* 103 Me. 271, 282, 69 Atl. 100; *Richards* v. *The People,* 81 Ill. 551; *Saginaw County Savings Bank* v. *Duffield,* 157 Mich. 522, 112 N. W. 186; *Horn* v. *Pere Marquette R. Co.,* 151 Fed. 626; note, 20 Amer. & Eng. Anno. Cases, 551; note, 20 L.R.A. 391. The right of a creditor to sequester a portion of the debtor's property by attachment is suspended by the appointment. *New Haven Wire Co. Cases,* 57 Conn. 352, 18 Atl. 266. Possession obtained by a conditional vendor after the appointment of a receiver for the conditional vendee would not avail to prejudice the rights of the receiver or of the creditors whom he represents. *American Clay Machinery Co.* v. *New England Brick Co., supra.* For the same reasons the situation of the plaintiff here was not bettered, as against the receiver, by physical possession of the mortgaged property, obtained by it after the appointment of such receiver.

There is no error.

In this opinion the other judges concurred.