JOHN OTTAVIANO, JR., ET AL. *v.* EDWARD E. GARLICK, ADMINISTRATOR C.T.A. (ESTATE OF MARY A. GROSS)

SUPERIOR COURT   FAIRFIELD COUNTY AT BRIDGEPORT   FILE No. 101603

Memorandum filed December 2, 1958

*John J. Bracken,* attorney general, and *Louis Weinstein,* assistant attorney general, for the plaintiffs.

*Marsh, Day & Calhoun* and *James F. Kenney,* of Bridgeport, and *Slavitt & Connery,* of Norwalk, for the defendant.

TROLAND, J. This action is an appeal by the treasurer of the state of Connecticut from an order and decree of the Court of Probate for the district of Westport admitting to probate the will of Mary A. Gross of Westport. It appeared to the plaintiff that Mary A. Gross had died leaving no known heirs or next of kin, and it was his claim that her will, bequeathing all her estate to certain beneficiaries named therein, was invalid due to lack of capacity and undue influence.

The state treasurer is the proper official to receive the estate of a deceased person where there are no known heirs or where heirs cannot be located. This action was instituted by the attorney general of Connecticut and returned to this court the first Tuesday of January, 1957. A plea in abatement was filed and overruled. The reasons of appeal were filed by the attorney general April 11, 1957. The issues were closed April 15, 1957. On April 10, 1957, the attorney general as attorney for the plaintiff moved that a guardian ad litem be appointed to protect the interests of possible heirs at law who might be affected by a judgment herein.

John F. Clancy is a member of the Bridgeport bar, and it was on his initiative and largely on the basis of information in his possession that the appeal from probate was taken. On May 3, 1957, John F. Clancy was appointed guardian ad litem under authority of § 2902d of the 1955 Cumulative Supplement of the General Statutes. This section of the statutes states in part: "Any guardian ad litem appointed under the provisions of this section may be allowed reasonable compensation by the court appointing him and the same shall be paid as a part

of the expenses of administration." The court did not authorize the guardian ad litem to employ counsel. By analogy to the rule in the case of receivers appointed by the court, it seems clear that a guardian ad litem has no right as such to employ counsel without the consent of the court. *Walsh* v. *Raymond,* 58 Conn. 251. On May 14, 1957, James F. Kenney, the law partner of the guardian ad litem, entered his appearance as counsel for the guardian ad litem and thereafter participated in the development and trial of the case without objection. On May 15, 1957, the attorney general and John F. Clancy moved that said Clancy as guardian ad litem be joined as a party plaintiff in the action, which motion was granted May 24, 1957. On September 9, 1957, the defendant moved that to save expense, etc., the guardian ad litem be dropped as a party plaintiff and be "dis-appointed." This motion was denied.

The case was tried to the jury commencing November 8, 1957, and ending with a verdict on November 19, 1957, in favor of the plaintiffs. The legal questions were not complicated or difficult. Mr. Kenney as counsel took an active and effective part in the trial. Mr. Clancy, the guardian ad litem, in addition to other services appeared and testified as a witness to various matters. The publicity resulting from the verdict came to the attention of the persons "unknown" who are now recognized as heirs of the testatrix.

The estate inventoried at $34,171.25; ante-mortem claims were $3,965.50, leaving $30,205.75 for administration expenses and the heirs. The Probate Court has heretofore allowed expenses in the amount of $16,127.83. The guardian ad litem has requested as an allowance for himself, which will include his obligation to counsel, $10,000, and for his expenses, $595.40. The court has carefully examined this claim and has considered (a) that the

services rendered were by an officer of the court appointed by the court; (b) that the "reasonable compensation" authorized by the statute was not contingent upon the result of the trial; (c) that the primary responsibility for conducting and controlling the litigation was on the attorney general; (d) the size of the estate involved; (e) the favorable result of the litigation; (f) the nature and extent of the benefits thereby accruing to the hitherto "unknown heirs" from the litigation as a result of the efforts of their guardian ad litem; (g) the time spent in preparation and trial and the skill and knowledge required to properly protect the heirs; (h) the testimony as to reasonable value of the services offered by members of the bar.

The court is of the opinion that under all the circumstances of the case a fee of $5000 is a reasonable sum to allow the guardian ad litem for all services rendered, and that he be allowed his expenses of $595.40, and the payment of such sums is hereby authorized and directed as part of the administration expense.