[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR LEAVE OF COURT TO PETITION FOR REMOVAL OF COMMITTEE AND AUTHORITY TO SUE THE COMMITTEE
The defendants have filed this motion for leave of the court to remove the committee in this present foreclosure action and for leave to sue him for "contributory negligence, fraud, contempt of court order and collusion with Greenwich Federal Savings and Loan, their attorney Scott Ivey and appraiser Lee Colbath."
The defendants, in their brief, do not appear to argue with the plaintiff's legal claims. "The Plaintiffs, attorney Peter Ryan has briefed the law sufficiently to state the present status of such law in favor of making petitioning the Court for permission to sue."
As claimed by the plaintiff, a committee of the superior court in a foreclosure action acting as an arm of the court, does not have to act at its own peril in undertaking its obligations under a judgment of foreclosure by sale. Hartford Federal Savings Loan Association v. Tucker, 13 Conn. App. 239, 250, 536 A.2d 962 (1988), cert. denied, 207 Conn. 805 (1990).
A committee is like a receiver. Walsh v. Ryamond, 58 Conn. 251,255, 20 A. 464 (1889). Each is an officer of the court and is presumed to be acting according to the will of the judicial authority appointing him. Hartford Federal Savings Loan Association v. Tucker, 196 Conn. 172, 178, 491 A.2d 1084 (1985), cert. denied 474 U.S. (1985); Links v. Connecticut River Banking Company, 66 Conn. 277, 284, 33 A. 1003 (1895).
 The receiver is an officer of the court, and by the well settled rule of practice permission of the court CT Page 9913 was necessary to warrant an action against him. This rule is essential for the protection of receivers against unnecessary and oppressive litigation and should be carefully maintained. It is contempt of court to sue a receiver without such permission . . . . We do no mean, however, to be understood as holding that a receiver while acting as such cannot make himself personally liable upon his contracts or otherwise, but simply that he will be protected so long as he acts under the orders of the court appointing him.
Walsh, supra, at 255-56.
 This does not mean that a receiver while acting as such cannot be held personally liable for his actions, but simply that he will be protected so long as he acts strictly under the orders of the court appointing him.
Hartford Federal Savings Loan Association v. Tucker, 196 Conn. 172,178, 491 A.2d 1084 (1985), cert. denied 474 U.S. 920 (1985).
The consent to sue an officer of the court whether a receiver or a committee, will not be lightly granted. "Such consent will not be granted where the receiver has kept clearly within the scope of his authority and acted wholly within the discretion of the court." Walsh v. Raymond, supra, at 255.
The Practice Book fails to set forth any procedure for leave of court to petition for removal of a committee. While it appears that it is a matter of right for an aggrieved party to file a motion for the removal of a committee, to receive serious consideration such a motion should be accompanied by evidentiary facts, at least in the form of an affidavit, to establish probable cause for granting such permission. Such permission cannot be granted unless there is a strong showing that the committee failed to abide by and follow the charge imposed upon it. The court has examined the various pleadings, motions, and other documents filed that might have any relationship to the present motion. These defendants, except for vague allegations, have made no such showing here.
Under these circumstances this request for leave of the court to petition for removal of the committee and authority to sue the committee is denied.
NIGRO, J.